ADOLPH STEINHARDT, TRADING AS STEINHARDT & COMPANY, *Plaintiff in Error,* v. CONSOLIDATED GROCERY COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed October 11, 1920.

1. In an action for damages for breach of a warranty a plea which avers that the parties had agreed to settle by arbitration any differences arising from the transaction is bad because the averred agreement is an attempt to settle by arbitration the right to maintain an action for breach of contract and thus oust the courts of their jurisdiction.

2. In an action for damages for breach of an implied warranty that a certain feeding stuff sold to plaintiff did not contain Rice Hulls, pleas averring that the commodity was sold to the plaintiff under a complete description and specification and that the goods met in every particular the description and specification set forth in the contract of sale set up a good defense.

3. There is no implication of warranty in conflict with the express terms of the agreement.

A writ of error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*Mabry & Carlton* and *William L. Pencke*, for Plaintiff in Error;

*W. A. Carter* and *William N. Taliaferro*, for Defendant in Error.

ELLIS, J.—The defendant in error as plaintiff below brought an action against Adolph Steinhardt for damages for breach of an implied warranty in the sale of certain feeding stuff called Rice Bran. The first count was the common count for money received by the defendant for use of the plaintiff. The second count alleged that the defendant sold to the plaintiff 285 sacks of rice bran knowing that the plaintiff intended to resell it in the State of Florida, that the plaintiff paid for the same and afterwards it was discovered that the bran contained rice hulls and was under the law of Florida not salable in this State, and the bran was seized by the State and the plaintiff sustained the loss. The third count alleged that the plaintiff was engaged in the business of selling to merchants certain commercial feeding stuffs which the defendant knew, but sold and shipped to the plaintiff certain commercial feeding stuffs alleged to be rice bran; that plaintiff received it and paid for it, but later it was discovered to contain rice hulls, and at the time of the sale the law of Florida prohibited the sale of commercial feeding stuffs containing rice hulls. That it was seized by the State of Florida and was lost to the plaintiff. That the plaintiff was neither an importer, manufacturer or manipulator who mixed commercial feeding stuffs for sale.

Pleas were filed to the second and third counts and demurrers to them were sustained. Thereupon the parties agreed that the first count to the declaration and the pleas thereto should be withdrawn "and that final judgment be entered by the court for the plaintiff." Judgment was entered for the plaintiff and defendant took a writ of error and assigned as errors two orders sustaining demurrers to the pleas.

The first plea to the second and third counts averred that the parties had agreed to settle by arbitration "any differences" arising from the transaction. Demurrer to this plea was sustained. The plea was bad because "any differences" is a term broad enough to include a difference arising upon the question of right to maintain an action for breach of the contract. Such an agreement is invalid as attempting to oust the courts of their jurisdiction. See Hanover Fire Ins. Co. v. Lewis, 28 Fla. 209, 10 South. Rep. 297.

Pleas numbered from three to ten inclusive averred: That the plaintiff purchased a larger amount of the article than that mentioned in the declaration, accepted the full amount, and after full opportunity of inspection sold all of it except that mentioned in the declaration and paid for the entire amount purchased; that the plaintiff knew or could have known by the exercise of due diligence the ingredients of the feed stuff. The fifth plea is substantially the same as the third as to retaining and selling the goods after opportunity for inspection; that the goods were purchased under a complete description and specification, and met in every particular the description and specification named in the contract; that the goods were sold under a complete specification and express warranty which the "goods met in every particular." The eighth

plea is substantially the same as the third and fifth. The ninth averred that the plaintiff knew or could have known by exercise of due diligence that the feed stuff was composed of a mixture of rice bran and rice hulls. The tenth plea is substantially the same as the ninth.

A demurrer to these pleas was sustained.

The defense presented by the pleas was that the plaintiff had full opportunity to examine the feeding stuff, could have by due diligence ascertained that it contained rice hulls, was notified by his contract with the defendant that it contained rice hulls, but accepted the same, paid for it and sold it in the State in violation of law.

The declaration specifically alleged that the mixture contained "Rice Hulls" which rendered it non-salable in Florida. The sixth and seventh pleas averred that the mixture was sold under a "complete specification and express warranty, which specification and express warranty the goods met in every particular." The sixth plea uses the words "description and specification" in place of the words "specification and express warranty."

The important central fact of the case as made by the declaration was that the mixture contained rice hulls. That one ingredient rendered the mixture unsalable in Florida. The pleas which must be taken to admit the material allegations not denied averred that the mixture was sold to the plaintiff under a "complete description and specification and that the goods met in every particular the description and specification set forth in the contract of sale." The pleas could bear no other construction than that the plaintiff bought the feed stuff with full knowledge that it contained rice hulls. If the plaintiff had such knowledge, bought the feed stuff under such a

contract, then there was no implied warranty that the material was salable in Florida as a commercial feeding stuff, because the plaintiff was charged with notice of the provisions of Chapter 5661, Laws of 1907, forbidding the sale in Florida of feed stuff containing rice hulls. It needs no argument nor citation of authority to establish the proposition that a dealer in commercial feed stuff cannot in his eagerness for profit deliberately violate the law of his State by undertaking to sell a forbidden article and when caught in the dishonorable business pass the loss on to his vendor under pretense of an implied warranty that the article was salable when he had notice that it was not. He cannot plead ignorance of the law and the pleas averred that he was not ignorant of the fact. See Richardson-Kellett Co. v. Kline, 70 Fla. 23, 69 South. Rep. 203, where it was held that a certain reservation in a deed would ordinarily be a breach of a proposed general warranty against encumbrances, but under the facts it was not such an encumbrance as would give the vendee any right to complain. The case as made by the declaration is treated by both parties as if it rests upon an implied warranty which is an inference of law on certain facts, but there will be no implication of warranty in conflict with the express terms of the agreement. If the contract of sale showed the mixture to contain rice hulls, and such must be the construction placed on the pleas because they admit the allegation of the declaration that the mixture did contain rice hulls, and aver that it was sold to plaintiff under a specification of its ingredients, there can be no implication of a warranty of salability, because such implication would be in direct opposition to the provisions of a statute which forbids its sale.

The declaration alleges that the defendant sold to the plaintiff "rice bran," which it is alleged is a "commercial feeding stuff." This would seem to be an express warranty that the "feeding stuff" contained no "rice hulls." In other words, the sale of the article by the name or description of "rice bran" constituted a warranty that the article was of the designated variety. See 24 R. C. L. p. 174. But the pleas averred that while it was sold as rice bran (impliedly admitted), it in fact was sold under a "specification" or "description" showing the presence of rice hulls (impliedly admitted). If that is true, there was no express warranty in the use of the name "Rice Bran."

Treating the declaration as one upon an express warranty that the article sold was "Rice Bran" and not a mixture of "Rice Bran and Rice Hulls," which latter is of no value as an article of merchandise, while the former is of much value, the issue tendered by other pleas, that the plaintiff had an opportunity to inspect the article and ascertain the fact of the presence of the ingredient rendering it of no value as an article of merchandise in Florida, was immaterial and constituted no defense, as the purchaser had a right to rely upon the express warranty.

The demurrer to the sixth and seventh pleas should have been overruled.

The judgment is therefore reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.