NATIONAL CONTAINER CORPORATION, et al., v. STATE ex rel JAMES R. STOCKTON, et al.

190 So. 509
Opinion Filed December 22, 1938
Rehearing Denied June 2, 1939

*Fleming, Hamilton & Diver,* for Appellants;

*Lucian H. Boggs* and *John E. Mathews,* for Appellees.

*Giles J. Patterson, Robert H. Anderson, George M. Powell, Martin H. Long, P. H. Odom* and *Frank F. L'Engle,* for Intervenors.

PER CURIAM.—This case is before the Court on motion for leave to intervene on the part of Giles J. Patterson, Robert H. Anderson, Inman P. Crutchfield, Charles L. Arnold, and many other citizens, residents and taxpayers of

Duval County, Florida, on their own behalf and on behalf of more than three thousand other citizens of Jacksonville, Florida, members of the Citizens Anti-Stench Association, an organization for the sole purpose of abating the nuisance to the citizens of the City of Jacksonville caused by the odor of appellant's pulp mill.

The original suit was filed in the Circuit Court of Duval County on August 20, 1937. The defendants filed a motion to dismiss the bill of complaint and the same upon hearing was on the 30th day of March, 1938, overruled or denied by the Circuit Court of Duval County, Florida. On April 9, 1938, an appeal was taken from said interlocutory order returnable to this Court on the 8th day of June, 1938, and an examination of the record here shows that the transcript and briefs have been filed on the part of counsel for the respective parties, and the cause is now ready for a hearing by this Court on oral argument of counsel.

It is the contention of counsel for the intervenors that this Court has the power or authority to enter an order of intervention under Section 9 of the Chancery Procedure Act of 1931, while counsel for appellants contend that this Court is without power or authority to enter an order allowing intervention, and cite the case of Whitted v. Abbe, 54 Fla. 669, 45 So. 478, and other authorities. Counsel for appellants further contend that if the intervenors had a right to intervene, they should have asserted the right within the eight months since suit was filed, and for their failure to act, all of their rights of intervention are barred by laches.

While we cannot agree to this contention based on laches, there is merit to the contention of counsel for appellants that this Court under established rules of procedure is not

authorized at the present state of the cause in this Court to perm⁴t or enter the order of intervention sought herein.

The petition for an order of intervention is hereby denied without prejudice on the part of the intervenors to institute such a suit as they may be advised in the Circuit Court of Duval County, Florida.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.