67 So.2d 427 (1953)
FENSTER et al.
v.
MAKOVSKY et ux.
Supreme Court of Florida, Division A.
October 9, 1953.
*428 Theodore R. Nelson and David Drucker, Miami, for appellants.
Abbott, Burris & Langer, Miami, for appellees.
SEBRING, Justice.
The appellants, who were the plaintiffs below, instituted a suit against the appellees for the partition of a certain apartment house property in Dade County, alleging in their complaint that each of the parties were tenants in common and owned an undivided one-fourth interest therein. The defendants filed a motion to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. At the same time they filed an answer in which they denied that the parties were tenants in common and alleged that "the plaintiffs and defendants owned the property * * * as partners under and by virtue of a certain partnership agreement entered into by and between the parties, a true copy of which is annexed to this answer * * *."
Paragraph 14 of the "partnership agreement" referred to in the answer contained the following provisions:
"Should any dispute, difference or disagreement arise between the parties hereto concerning or respecting any manner, thing or cause related to or in connection with the functions of the partnership or the dissolution thereof, or the withdrawal in the event of sale by one of the co-partners and the fixing of the price of the sale, then any dispute, difference or disagreement, as often as the same may arise, shall be disposed of and resolved by arbitration * * *."
Following this provision Paragraph 14 set out the manner in which the Board of Arbitrators were to be selected by the parties and then concluded with the following language: "The decision of a majority of the Board of Arbitrators, composed as aforestated, shall be final, binding and conclusive upon the parties hereto, and shall be complied with and abided by in every particular with the same force and effect as though it were the judgment of the highest court of last resort having jurisdiction over the matter in dispute."
After the motion to dismiss and answer were filed, the defendants caused certain depositions to be taken, but they are not material to the issue here presented. Thereafter, the cause came on for hearing before the chancellor upon the pleadings. *429 Without ruling on the existence or nonexistence of the alleged partnership between the parties, or whether such partnership relation precluded the parties from resorting to partition, the chancellor dismissed the complaint because of the language contained in Paragraph 14 of the agreement; reciting in his final degree that "Whether or not the contract is one of partnership and whether or not it has been dissolved * * * an equity court should not lend its powers in a partition proceeding to anyone of the parties so long as he has a method of settling his interest in the property, unless some equity is alleged setting up that the machinery set forth in the contract cannot be effectively used or some other equity overcoming the obligation to settle by arbitration as set forth in the contract."
The cause is here on appeal and the only proper question in the case is with respect to the propriety of the holding by the chancellor that the plaintiffs were barred from maintaining and prosecuting a suit in partition because of the stipulation in the "partnership agreement" providing for arbitration.
Agreements to arbitrate disputes between parties are generally looked upon with approval by the courts when the subject matter of such agreements is confined within legally permissible limits, and every reasonable presumption will be indulged to uphold arbitration proceedings which have resulted in an award. 6 C.J.S., Arbitration and Award, §§ 1 and 130. It cannot be doubted, however, that a general agreement in or collateral to a contract to submit in the future to final determination by arbitration the rights and liabilities of the parties with respect to any and all disputes that may thereafter arise under the contract is, at least until a subsequent valid submission agreement is entered into, voidable at will by either party at any time before an award is made and has no effect on the right of either party to invoke the jurisdiction of the courts. See 3 Am. Jur., Arbitration and Award, Sec. 31; Sturges, Commercial Arbitrations and Awards, Secs. 15, 75, 79; Yonge, Arbitration of Civil Claims in Florida, Vol. VI, No. 2, Univ. of Florida Law Review, pp. 163-164. This is for the reason that parties cannot by such a private executory contract oust the courts of the jurisdiction vested in them by law or irrevocably debar themselves from appealing to the established tribunals of justice. 3 Am.Jur., Arbitration and Award, Sec. 4; Hanover Fire Ins. Co. v. Lewis, 28 Fla. 209, 10 So. 297; Steinhardt v. Consolidated Grocery Company, 80 Fla. 531, 86 So. 431.
As is apparent from the language of Paragraph 14, the arbitration clause of the agreement constitutes an attempt on the part of the parties to obligate themselves to submit to arbitration in the future and to make the decision of a majority of the board of arbitrators "final, binding and conclusive upon the parties * * * with the same force and effect as though it were the judgment of the highest court of last resort having jurisdiction over the matter in dispute," as respects any and all disputes, differences or disagreements arising between the parties concerning or respecting any manner, thing or cause related to or in connection with the functions of the partnership, the dissolution thereof, the withdrawal of any of the parties in the event of sale, and the fixing of the price of the sale. It would be difficult to conceive of any controversy arising between the parties with reference to the agreement, the subject matter thereof, or property interests therein that would not come within the purview of the arbitration clause.
By the great weight of authority such an agreement is invalid as constituting an attempt to oust the legally constituted courts of their jurisdiction. Such being its nature it cannot be used as a bar to an action brought on the subject matter of the contract, nor can it constitute, logically, a ground for withholding relief in a court of equity when appropriate relief is sought by either of the parties. See Steinhardt v. Consolidated Grocery Co., supra; and 6 C.J.S., Arbitration and Award, § 29.
From the conclusions reached it follows that the chancellor below committed *430 error in ruling that the plaintiffs were barred from maintaining their suit because of the existence of the arbitration provision, and consequently the decree appealed from must be reversed with directions that the complaint be reinstated and that the cause proceed in accordance with law.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.