83 So.2d 9 (1955)
Francis FLAHERTY et al., Appellants,
v.
The METAL PRODUCTS CORPORATION, a Florida corporation, Appellee.
Supreme Court of Florida, Special Division A.
October 19, 1955.
*10 Claude Pepper law offices, for appellants.
Smathers, Thompson, Maxwell & Dyer, Miami, for appellee.
ALLEN, Associate Justice.
The appellants were plaintiffs in the trial court and appeal from a summary final decree entered for the appellee.
Appellants in the trial court by way of declaratory decree action sought to have construed portions of a contract between appellants and other employees and the company under which a controversy had arisen about the amount of payment for overtime work.
Among other things the contract provided in Sec. 3 of Art. 9 as follows: "should any complaint, dispute or grievance not be adjusted or settled the services of the United States Conciliation Service should be requested by both the Employer and the Union." It is suggested in the briefs that this clause effects an agreement to arbitrate controversies of the kind presented by this suit which is binding on the parties and precludes the maintenance of the suit without first having exhausted the contract remedy for settlement of disputes. We do not agree.
By common law doctrine, which has been recognized by this court, parties to a contract are unable to make an irrevocable agreement to arbitrate all future controversies. Such agreement is said to be contrary to public policy and obnoxious to the law in that it seeks to oust courts of jurisdiction. Steinhardt v. Consolidated Grocery Co., 80 Fla. 531, 86 So. 431; Fenster v. Makovsky, Fla., 1953, 67 So.2d 427. This is the rule generally followed. See Note, 1941, 135 A.L.R. 79, 86.
Even if the clause be construed as a contract to arbitrate all future disputes, a question which we do not now decide, its existence could be no bar to the maintenance of the suit under the above authorities. The complaint stated a cause of action.
Appellee in his answer denied the material allegations in the complaint and further set up new matters alleging, "that on or about July 27, 1953, the Defendant and the Union, which is the exclusive representative of the Defendant's employees belonging to said Union, pursuant to the terms and provisions of the contract, Plaintiffs' Exhibit A, entered into a written agreement to submit to arbitration as provided therein the general matter which is in dispute in this suit, and thereafter, to wit: on or about July 29, 1953, pursuant to the said contract, Plaintiffs' Exhibit A, and pursuant to the applicable Federal Statutes, the United States Conciliation Service furnished a list of arbiters so that the contracting parties could select an arbiter; that such selection was made, and on the 15th of September, 1953, the Defendant and its employees in the City of Miami, Florida, submitted their grievance to one J.W. Lawson, as arbiter, and then and there agreed that the decision of the arbiter would be binding upon both the Defendant and its employees, all of which will appear from pages 8, 9 and 10 of the transcript of arbitration proceedings, a certified copy of which is attached hereto, marked Defendant's Exhibit No. 1, and by reference made a part thereof. Thereafter, on November 17, 1953, the said arbiter entered his award, deciding among other things that the Defendant acted properly in its interpretation of Article XVIII of the contract, Plaintiffs' Exhibit A, and owes no sum in addition to that which has been paid to the Defendant's employees, including the Plaintiffs herein, and will appear from duplicate copy of said award which is attached hereto, marked Defendant's Exhibit No. 2, and by reference made a part thereof. The defendant further avers that the said award has adjudicated all the issues sought to be raised by the Plaintiffs in this suit." Attached to the answer were carbon copies of the alleged arbitration proceedings and the award.
Thereafter the appellee filed a Motion for Summary Decree on Pleadings. The trial court granted this motion of defendant and dismissed the cause at complainant's cost. In this order the court recited, "The disputes or questions raised here have been submitted and determined on an arbitration *11 under a contract binding upon and effective as to the plaintiffs and under applicable law, with the result that there is no issue to be tried in this case."
The procedure in this case is governed by the Florida Equity Rules, 31 F.S.A., effective January 1, 1950. Under rule 37 thereof, the new matter asserted in the answer quoted above was deemed denied. The motion of the defendant granted by the court was one for a decree on the pleadings. The motion tested the sufficiency of the complaint to state a cause of action. Since the complaint did state a cause of action, the trial court could not properly grant for appellee a judgment in its favor on the pleadings, irrespective of whether or not the answer of appellee was sufficient to state a defense. Pleading is not proof. Sullivan v. Givens, 155 Fla. 445, 20 So.2d 493. Even if the order of the court were to be construed as a final summary judgment holding there was no genuine issue of material fact it still could not be sustained because there exists in the record numerous issues on questions of fact and there is nothing in the record before us by way of deposition, affidavit, admission, or otherwise upon which the court could have determined that the allegations in the answer, if a sufficient defense, were in fact true.
Appellant in its brief among other things urges that the filing of the suit was notice to appellee of intention of appellant not to participate in the arbitration proceedings. However, the suit was filed on August 31, 1953, and therefore this argument does not dispose of the specific allegations in the answer that after that date, on September 15, 1953, "the defendant and its employees in the City of Miami, Florida, submitted their grievances to one J.W. Lawson, as arbiter, and then and there agreed that the decision of the arbiter would be binding upon both the defendant and its employees. * * *" Further, there is suggested, either in the briefs of the parties or by the record, questions of law and fact, with reference to the alleged arbitration proceedings, about whether a contract to arbitrate is void or merely voidable; whether notice of revocation of submission agreements, in addition to questions as to the form of a notice, that is, oral or written, is effected by notice to an agent of the revoking party, or to the opposite parties, or whether where an arbiter has been appointed notice also must be given to him; whether less than all of several parties on one side may revoke a submission agreement; whether and under what circumstances an arbiter has authority to determine questions of contract construction in addition to questions of fact; whether the union had authority to settle claims of the employees.
The state of the record does not enable this court to pass upon any of these questions. For the reasons stated the final summary decree entered June 14, 1954, in favor of the appellee is reversed.
DREW, C.J., and TERRELL and ROBERTS, JJ., concur.