PER CURIAM.
The appellees herein were plaintiffs in the circuit court in a suit to quiet title. The American Mortgage Corporation, appellant here, was not a party to that suit but petitioned the circuit court for leave to intervene as plaintiff, maintaining it had an interest in the lands involved in such suit. Argument was held on the petition and the chancellor entered his order denying the petition. He then entered his final decree in the quiet title suit in favor of the appel-lees herein. The American Mortgage Corporation then entered its notice of appeal from the chancellor’s order denying it leave to intervene.
We do not determine at this time whether the chancellor erred in denying leave to intervene. Instead, we affirm his order but without prejudice to the petitioner to institute any suit it may desire. This is the same procedure followed by the Supreme Court of Florida in National Container Corp. v. State, 1938, 138 Fla. 835, 190 So. 509; Sullivan v. Givens, 1945, 155 Fla. 445, 20 So.2d 493; and in Riviera Club v. Belle Mead Development Corp., 1940, 141 Fla. 538, 194 So. 783. This action in no way deprives petitioner of its right to protect any interest that it may have in the property and it is still at liberty to file a new and original suit to have its rights determined. It is our opinion that this disposition of the cause will better afford the petitioner a full hearing on its claim than would a reversal of the chancellor’s order.
Accordingly, the order of the chancellor denying the petition to intervene is hereby affirmed but without prejudice on the part of the petitioner to seek determination of its *781 rights in the subject property by filing a new and original suit.
KANNER, C. J., SHANNON, J., and O’CONNELL, STEPHEN C., Associate Judge, concur.