161 So.2d 830 (1964)
Ray E. GREEN, as Comptroller of the State of Florida, Appellant,
v.
Ralph N. WALTER, as County Assessor of Taxes in and for Duval County, Florida, Appellee.
No. 33031.
Supreme Court of Florida.
March 11, 1964.
*831 James W. Kynes, Atty. Gen., Fred M. Burns and Jack A. Harnett, Asst. Attys. Gen., for appellant.
Walter C. Shea, W. Joe Sears, Jr., George B. Stallings, Jr., and William T. Basford, Jr., Jacksonville, for appellee.
William G. O'Neill, Ocala, amicus curiae.
THOMAS, Justice.
This litigation originated with an alternative writ of mandamus issued at the instance of appellant, the Comptroller, against the appellee, Tax Assessor of Duval County, to assess all intangible personal property having its tax situs in that county at its full cash value as required by Sec. 199.05, Florida Statutes, F.S.A., instead of 42% of full cash value as the relator was advised the assessor was intending to do.
The alternative writ containing the mandate sought by the Comptroller issued. A *832 motion to quash and return were filed. Both were founded on the theory that the ratio of assessed value to full cash value could not in the case of intangible personal property be different from the ratio of assessed value to full cash value, applied in dealing with real and tangible personal property and would in such case violate the constitutional command for equality and uniformity specified in Sec. 1, Art. IX of the Constitution, F.S.A. and would transgress the guaranty of equal protection of the law appearing in Sec. 1, Declaration of Rights of the Florida Constitution, F.S.A. and the Fourteenth Amendment of the Constitution of the United States.
We gather from the record that realty in the county was being assessed at 41.64 per cent. of its value and tangible personal property at 42.5 per cent.
Sec. 199.05 simply provides that "[t]he tax assessor shall assess all intangible personal property at its full cash value."
Before continuing we should declare the reason for this court's assuming jurisdiction of the cause. The appellant contends that in holding that adherence by the tax assessor to Sec. 199.05, supra, would amount to a violation of the provisions of the State and Federal Constitutions to which we have referred, and that the circuit judge, therefore, in effect decided that the statute was unconstitutional. This theory we reject. But upon close study we have concluded that there was such construction by the circuit judge of Sec. 1, Art. IX of the Constitution as justifies our decision of the jurisdictional point as well as the merits. It is stated in that part of the Constitution that the legislature shall provide for "a uniform and equal rate of taxation, except that it may provide for special rate or rates on intangible property * * * not [to] exceed two mills on the dollar of the assessed valuation of such * * * property * * *." By the decree the judge evidently held that these provisions should be interpreted to mean, that despite the exception, the assessed value of intangibles should be made to coincide with the assessed value of realty and other personalty, even though fictitious, else there would be a violation of the constitutional rights of the owners of such property. Moreover, the judge seemed to have thought the tax structure of Duval County should be considered as a whole and that taxes on intangible personal property, real property and personal property should be so assessed that there would not be the disparity of 41.64% for real estate, 42.5% for tangible personal property and 100% for intangible personal property.
Evidently it is the position of the appellant that by enacting Sec. 199.05 the legislature was putting intangible personal property in a class by itself so far as assessment was concerned while the appellee insists that it should not be considered in this detached position.
The appellant points to the appropriate sections of Chapter 193 commanding the assessment of real estate at full cash value and Sec. 200.06 requiring the assessment of tangible personal property in the same manner. Obviously, if the assessor pursues his plan to assess realty at 41.64 per cent. and personal property at 42.5 per cent. the mandate of these statutes is being disregarded and the question then arises whether or not he must use these fictitious valuations as criteria in assessing intangible personal property at the approximately corresponding rate of 42 per cent. of full cash value, in other words, whether or not it can logically be asserted that if he follows the statute, Sec. 199.05, there will be a discrimination against holders of intangible personal property because they may not have the benefit of the fictitious rating. We think the statement of the question provokes a negative reply.
It does not seem logical that if the assessor disregards the law with reference to two classes of property, he can be said to deprive some taxpayer of equal protection of the law or violate provisions of *833 equality and uniformity of taxation if he does not likewise ignore the law affecting a third class of property.
In his brief the appellant takes the position that Sec. 1 of Art. IX of the Constitution and Chapter 199 of the statutes puts intangible personal property in a separate class "for purposes of taxation." It is true that in the part of the Constitution to which we have referred, such property may be required to yield a different rate, with a limitation, and true also that it is treated in Sec. 199.05 separately.
The mandate to assess at full cash value harmonizes with the assessment required for real and other personal property. But in this case we need be concerned only with assessment of intangible personal property. Once that assessment is fixed the rate is a matter of arithmetic. Before the adoption of the homestead amendment in 1934, a raise in millage could compensate for a reduction in assessment but that no longer obtains. Schleman v. Connecticut General Life Insurance Company, infra. And, of course, there can be no such compensation where the rate of taxation is limited. A lowering of assessed value then works a corresponding reduction in the tax that is gathered, and thereby affects the finances of the State since under Sec. 199.11 taxes collected on intangible personal property are deposited in "the intangible tax fund of the state."
When it is considered that these taxes come to the state from all counties, it is easy to contemplate what mischief would result if there could be as many as 67 variations of assessed values. We said in Town of Palm Beach v. City of West Palm Beach, Fla., 55 So.2d 566, that the provision in Sec. 1, Art. IX of the Constitution for a uniform and equal rate of taxation had been "construed many times to mean that the rate of taxation for state purposes shall be uniform throughout the state, for county purposes uniform throughout the county, for municipal purposes uniform throughout the municipality, and for district purposes uniform throughout the district."
Such uniformity could not be accomplished if assessors operated individually by fixing varied percentages of full cash value. The assessment of intangible personal property should be uniform throughout the State irrespective of variation among counties with reference to valuation of other taxable properties.
In this case we are concerned only with the assessment of intangible personal property and there is no need to make an excursion into the relationship of millage and assessment which we discussed in Schleman v. Connecticut General Life Insurance Co., 151 Fla. 96, 9 So.2d 197.
The position of the appellant about the consideration of the taxation of intangible personal property in an isolated position is bolstered by the statement in Tyson v. Lanier, Fla., 156 So.2d 833, quoted from State ex rel. Attorney General v. City of Avon Park, 108 Fla. 641, 149 So. 409 that "[t]he organic requirements for `a uniform and equal rate of taxation' and `a just valuation of all' property, do not forbid but contemplate proper classification of property in making just valuations for taxation." The Tyson case was the one in which the court held constitutional the law providing for assessment of agricultural lands on an acreage basis.
We are aware of no legal bar to taxation of intangible personal property in a category separate and apart from the taxation of other property so long as the classification is not arbitrary or unreasonable and when all under like conditions are treated the same. Tyson v. Lanier, supra.
Appellee's contention that mandamus was not a proper remedy in the situation disclosed by the record seems to be answered by the language of Sec. 196.16, Florida Statutes, F.S.A., providing that "[t]he comptroller shall have authority to bring and maintain such actions at law or *834 in equity by mandamus or injunction, or otherwise, to enforce the performance of any duties of any officer or official performing duties with relation to the execution of the tax laws of the state * * *."
It is apodictic, as appellee argues, that while mandamus will lie to enforce an officer to act, it cannot be used to control his discretion. But we do not sense the application in the instant circumstances. Under the statute already cited, it was the duty of the appellee to fix the full cash value of the taxable property and in doing so to rely upon his judgment, and discretion, or "leeway" as it was expressed in State ex rel. Glynn v. McNayr, Fla., 133 So.2d 312, but he did not have the discretion to arrive at that value then to adopt 42 per cent. of it as the value for the purpose of determining the tax. His discretion ran out at that point.
In all the circumstances we are not troubled by the challenge of the right to the writ on the ground that an attempt was being made, via mandamus, to control the discretion of the appellee.
Our study of the record, the exhaustive opinion of the able circuit judge and the authorities cited brings us to the conclusion that the order dismissing the petition for alternative writ of mandamus with prejudice be, and it is 
Reversed.
THORNAL, O'CONNELL and HOBSON, (Ret.), JJ., concur.
DREW, C.J., and ROBERTS, J., concur specially with opinion.
CALDWELL, J., agrees to judgment.
DREW, Chief Justice, and ROBERTS, Justice (concurring specially):
We agree to all of the opinion and judgment in this case except that portion thereof concerning jurisdiction reading as follows, viz.:
"Before continuing we should declare the reason for this court's assuming jurisdiction of the cause. The appellant contends that in holding that adherence by the tax assessor to Sec. 199.05, supra, would amount to a violation of the provisions of the State and Federal Constitutions to which we have referred, and that the circuit judge, therefore, in effect decided that the statute was unconstitutional. This theory we reject."
For reasons not necessary to elaborate here, we think the position of appellant concerning the jurisdictional question is well taken.
Moreover, it should be specifically pointed out that Section 193.021, Florida Statutes 1963, F.S.A., deriving from Chapter 63-250, Laws of Florida 1963, relating to the method of the assessment of property has been examined by us but does not apply to the situation here presented.