## STATE, ex rel. DUPONT PLAZA CENTER, Inc., et al v. McNAYR, et al.

No. 64-L-681.

Circuit Court, Dade County.

June 18 and August 10, 1964.

100

Marion E. Sibley and Irving B. Levenson of Sibley, Grusmark, Giblin, King & Levenson, Miami Beach, for petitioners.

Darrey A. Davis, County Attorney, for respondents, not including the State Comptroller.

Charles D. McClure, Tallahassee, for State Comptroller.

John R. Barrett, Miami City Attorney, John S. Lloyd, Ass't. City Attorney, Edward J. Fitzpatrick, Ass't. City Attorney, for City of Miami.

Edward L. Semple, Coral Gables City Attorney, for City of Coral Gables, and individual taxpayers.

Anderson & Nadeau, Miami, for Village of Miami Shores.

James T. Gordon, Miami, for Village of Virginia Gardens.

Frates, Fay & Floyd, Miami, for City of North Miami.

Ralph F. Miles, Hialeah, for City of Hialeah.

SAMUEL S. SMITH, Circuit Judge.

*Final judgment, June 18, 1964:* This cause came on for trial upon the alternative writ of mandamus filed by the State of Florida, ex rel. Dupont Plaza Center, Inc., and the return to the alternative writ of mandamus made by the several respondents, including the county commissioners of Dade County, Irving G. McNayr, as county manager of Dade County, Sam Elcook, as tax assessor of Dade County, and E. W. Wright, as tax collector of Dade County, and the reply of the relator to the return to alter-

native writ of mandamus. Testimony and evidence was submitted by the parties. Counsel for the relator and for the respondents fully argued the cause. The court being duly advised in the premises, finds —

(A)   That the tax assessor, Sam Elcook, has ascertained and determined the just valuation of all property subject to ad valorem taxes in Dade County pursuant to the duty imposed upon him by the constitution and laws of the state of Florida. He is now engaged in composing a tax roll for the year 1964 which will place said property on the tax roll at 50% of the just valuation ascertained by him as aforesaid. Moreover, the county auditor, Mr. Blake, has produced before the court a survey carefully accomplished by him at the direction of the county officials which establishes that the said property is in fact placed on the tax roll at a valuation of one-half of its just and ascertained value as aforesaid. Mr. Blake's survey supports the tax assessor in his conclusion that the valuation on all property in Dade County subject to ad valorem taxes is uniform and equal, but that it is carried on the tax roll at only one-half of its just value as fixed by the county tax assessor. This method of fixing the valuation of property in Dade County is contrary to law and is discriminatory, in that it increases the homestead exemption fixed by the constitution at $5,000 to the actual sum of $10,000. This improper method of fixing valuation wholly exempts over 35,000 homestead parcels subject to taxation if their just valuation were placed on the tax roll and reduces the taxes of all parcels of homestead exemptions, the total of which exceeds 185,000. Thus, the tax roll now being composed by the tax assessor is obviously discriminatory — and its net effect is to require the other property in Dade County to bear the tax burden that justly rests upon parcels which have the benefit of homestead exemption.

The Supreme Court of Florida has said that this method adopted by the Dade County tax assessor of fixing the valuation on the tax roll is untenable and its adoption by the tax assessor is not in compliance with and does not discharge his statutory duties in composing his tax roll. See Cosen Investment Co. v. Overstreet, 17 So.2d 788; Schleman v. Connecticut General Life Insurance Co., 9 So.2d 197.

(B)   The Dade County tax assessor testified that just value of property may be accomplished by doubling the present values fixed on the tax roll and this may be done without significant delay and its accomplishment is a relatively simple matter. The tax assessor having arrived at the just valuation of property for his tax roll does not have the discretion to adopt 50% of it as the value for ad valorem tax purposes. "His discretion ran out at that

point" where he arrived at just valuation. See Green v. Walter, 161 So.2d 830.

Mandamus is the appropriate writ to require the tax assessor to correct his tax roll as is here indicated. See Kent v. Board of County Commissioners of Broward County, 37 So.2d 252; Green v. Walter, supra.

A peremptory writ of mandamus requiring the tax assessor to assess at 100% of just value and not at 50% — as now appearing on the tax roll — in no wise controls the tax assessor's discretion.

It is thereupon ordered, adjudged and decreed that the relator, State of Florida, ex rel. Dupont Plaza Center, Inc. do have and recover from the respondents hereto as the taxing authorities of Dade County, Florida, judgment for the peremptory writ of mandamus requiring said taxing authorities and particularly the tax assessor, to forthwith begin and within a convenient period of time complete the tax roll for the year 1964 for the county of Dade, containing all taxable property in the county at just valuation, and to thereafter comply with all lawful duties imposed upon or required of said taxing authorities in regard thereto, including the completion of a tax roll containing all taxable property in the county at just valuation and the performance of all lawful duties as aforesaid.

*Peremptory writ of mandamus, June 18, 1964:* The above cause having come on for trial on the 18th day of June, 1964, after due notice, and argument of counsel for the respective parties having been heard, and a final judgment having been entered in said cause granting and awarding to the relator a peremptory writ of mandamus,

These are, therefore, to command you, the taxing authorities of Dade County, Florida, and particularly you, Sam Elcook, as county tax assessor, be and you are hereby required to forthwith begin, and within a reasonable and convenient period of time, complete a tax roll for the year 1964 containing all the taxable property in the county, at just valuation, and to thereafter comply with all lawful duties imposed upon or required of you in regard thereto; and you, and each of you, in your respective official capacities, are to do and perform all acts and duties in the premises necessary to effectuate the command hereof.

It is further ordered, adjudged and decreed that you make known to this court, on or before the 15th day of July, 1964, how you and each of you have performed the commands and acts required of you, and each of you, by this peremptory writ of mandamus.

*Order striking petitions for leave to intervene, August 10, 1964:*
This cause came on to be heard upon the relator's motion to strike
the petitions for leave to intervene filed by the City of Miami, City
of Coral Gables, City of North Miami, City of Hialeah, Miami
Shores Village and Village of Virginia Gardens. Counsel for all
parties appeared. Argument was presented by each of the in-
tervenors by and through their several attorneys and by the at-
torney for the relator. The court is of the opinion that these pe-
titions seeking intervention are insufficient for the following
reasons —

1)   The petitioners seek to intervene under equity rule 3.4.
Intervention is unknown to the common law and is not allowable
in a suit at law. The right to intervention is purely a statutory
right and since the rule applies only to suits in equity, there can
be no intervention in an action at law. 24 Fla. Jur. §24, Parties.
See also, Warshaw-Seattle, Inc. v. Clark (Fla. 1955), 85 So.2d
623, 625.

2)   Equity rule 3.4 expressly provides that intervention is al-
lowable in a pending cause. It would, therefore, seem that the
right to intervene is foreclosed after the final judgment, after
appeal to the Supreme Court of Florida, and affirmance of the
judgment by the highest appellate court. National Container
Corp. v. State ex rel. Stockton, 138 Fla. 835, 190 So. 509.

3)   Intervention is not allowed in a mandamus proceeding.
Thus, in the case of State ex rel. Railroad Com'rs. v. Atlantic
Coast Line R. Co., 67 Fla. 458, 65 So. 654, 658, the Supreme Court
of Florida said —

"A paper, entitled 'Bill of Intervention,' has been presented
to us by counsel on behalf of the city of Bartow. It is suffi-
cient to say that the city of Bartow has no locus standi in this
proceeding. We have no statute authorizing it, and, as is stated
in High's Extraordinary Remedies (3d Ed.) §450a —

   " 'The right of third persons not parties to the ac-
   tion to interplead in proceedings in mandamus rests
   wholly upon statute; no such rights existing at com-
   mon law.' "

4)   The cities seeking to intervene have no direct and im-
mediate interest in the controversy or the subject matter of the
litigation and therefore do not have sufficient interest to sup-
port a petition for leave to intervene. It would seem that a mu-
nicipality may appear and represent the citizens, taxpayers and
inhabitants in those cases where the right of the individual arises
through some contract made by the city for the benefit of its
residents or through some action taken by the city which confers
a right upon the citizens, taxpayers or inhabitants. The interest
necessary to support intervention has been stated as follows —

"It has been generally held that the interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation." Quoting from Morgareidge v. Howey, 1918, 75 Fla. 234, 78 So. 14, by the 2nd District Court of Appeal of Florida in the opinion rendered in Cassel v. Gulf Life Insurance Co. (Fla. App. 1962), 143 So.2d 510, 516.

5) The City of Coral Gables, in its petition for leave to intervene is joined by individuals who contend that they are taxpayers and for that reason they should be permitted to intervene. Every taxpayer in Dade County has an administrative remedy in the event that they claim that the assessment of their property on the tax roll is excessive, by applying to the board of equalization for reduction in their assessment. The individuals seeking to intervene do not allege that the several assessments of their property exceed just value. In order to activate any right in the taxpayers to complain it must appear that they stand to lose by the judgment of the court. See, Stetson O. Sproul, as Tax Collector of Palm Beach County, et al. v. Royal Palm Yacht & Country Club, Inc. (Fla. App. 2d 1962), 143 So.2d 900.

6) The judgment of this court has been affirmed by the Supreme Court of Florida. This court is without jurisdiction to disturb this final judgment until it is specifically authorized so to do by an order of the Supreme Court of Florida. See, State ex rel. Gibbs, etc. v. Circuit Court of Eleventh Judicial Circuit of Dade County, 140 Fla. 378, 191 So. 699, wherein the Supreme Court of Florida held —

"The law is settled in this State that when a cause has been appealed and judgment rendered by the Appellate Court, interference therewith on the part of the lower Court by any proceeding other than such as is directed by the Appellate Court will be prohibited."

The Supreme Court of Florida in its opinion in the case of State ex rel. Budd et ux v. Williams, 152 Fla. 189, 11 So.2d 341, held —

"When the decree of the circuit court was affirmed by this court, such decree was merged and became the judgment and decree of this court. Bloxham v. Florida Cent., etc., R. Co. 39 Fla. 243, 22 So. 697; Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792, 794. After affirmance of the decree by

this court the circuit court was without jurisdiction to alter or change the decree as so affirmed without first having authority from this court to so act."

See also, King v. L & L Investors, Inc. (Fla. App. 3d 1962), 136 So.2d 671, 672, 673.

The tax roll is a living instrument which from year to year is subject to change. No tax roll is perfect. There are of necessity peaks and valleys in the assessments and the tax assessor is therefore given reasonable latitude in fixing just value of property for ad valorem tax purposes. It is the duty of the equalization board to adjust valuations which may be out of line because they are too high or too low. Nothing in this court's judgment interferes with the administrative process. The petitioners contend that in 1966 they will be required to adopt a tax roll of the county as the roll to be utilized by the cities in the levying and assessment of taxes under the metropolitan charter. If at that time they have any complaints about the roll, it is a matter which is wholly immaterial at this date.

Under the evidence in this case the court was faced with the choice of either (1) issuing its peremptory writ requiring an entirely new tax roll which, in effect, would have "stopped the wheels of government" (see City of Tampa v. Kaunitz, 39 Fla. 683, 23 So. 416, 431; Folsom, County Tax Collector v. Bank of Greenwood, 97 Fla. 426, 120 So. 317, 319 — such judgment would have seriously hampered, if not wholly disrupted, the operation of county government and the public schools, creating complete chaos), or (2) issuing a peremptory writ requiring the doubling of the tax roll. This latter course under the evidence in this case would produce a tax roll in which the property in this county was assessed at just value.

*The court rendered its judgment requiring the tax roll to be doubled. The certificate of the county authorities indicates that they have complied with the peremptory writ and that the roll has now been submitted to the county commission for equalization. The peremptory writ enjoins the county officials to discharge their duties in this regard and nothing is contained in any of the petitions for leave to intervene which indicates failure of the officials to abide by this court's peremptory writ and the mandate of the Supreme Court of Florida.*

For the reasons stated, it is considered ordered and adjudged that the relator's motion to strike the several petitions for leave to intervene is granted, and the said petitions be and the same are hereby stricken.