GLICKSTEIN, Judge,
concurring specialty-
This case involves a wife who petitioned for dissolution of her marriage. During the pendency of the dissolution proceedings, her husband died and she filed a suggestion of death and a motion to dismiss the petition. Thereafter the husband’s surviving children by another marriage moved to intervene in the divorce proceedings. Pursuant to the foregoing the trial judge denied the motion to dismiss without prejudice and granted the motion to intervene. This non-final appeal ensued.
The panel found no authority for the proposition that these two non-final orders are appealable; thus the consideration as a petition for certiorari.
There is no question that a trial judge has no option but to terminate a dissolution action upon the death of one of the parties. Messana v. Messana, 421 So.2d 48 (Fla. 4th DCA 1982); Simpson v. Simpson, 473 So.2d 299 (Fla. 3d DCA 1985); Jaris v. Tucker, 414 So.2d 1164 (Fla. 3d DCA), appeal dismissed, 419 So.2d 1198 (Fla.1982); Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944). Thus, the trial court erred in failing to dismiss the action. Sullivan v. Givens, 155 Fla. 445, 20 So.2d 493 (1945).
The court may issue a writ of certiorari only when there is a departure from the essential requirement of the law and no adequate remedy on plenary appeal. Keehn v. Joseph C. Mackey & Company, 420 So.2d 398 (Fla. 4th DCA 1982). In the present case, there was a departure from the essential requirements of law. However, there is a remedy available on plenary appeal, notwithstanding that the parties may be exposed to costly, lengthy and unnecessary litigation. Unfortunately, these reasons are not adequate to justify certio-rari review. Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203 (Fla. 5th DCA 1980).
I write solely to point out that all this can be avoided if the trial judge will reconsider her denial of the motion to dismiss, which she can do for good reasons when her orders are not final. See Motorola Communications and Electronics, Inc. v. National Patient Aids, Inc., 427 So.2d 1042, 1042 & n. 1 (Fla. 4th DCA 1983). Counsel in other cases should not anticipate similar suggestions in every case from this writer; but the tidal wave of litigation described by Judge Irving Kaufman in a speech which we quoted in Cherna v. Cherna, 427 So.2d 395, 396 n. 2 (Fla. 4th DCA 1983), coupled with the obvious and needless error here, compels this expression by concurrence.