STATE *ex rel.* GEORGE COUPER GIBBS, as Attorney General, *et al.,* v. THE CIRCUIT COURT, ELEVENTH JUDICIAL CIRCUIT, DADE COUNTY.

191 So. 699
Opinion Filed October 27, 1939

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Petitoiners; ·

*Tom Norfleet & Frank Clark,* for Respondents.

PER CURIAM.—Frank Hyde and C. K. Slaton were informed against in the Criminal Court of Record of Dade County. They were tried and convicted and on writ of error to this Court, their conviction was affirmed. When the mandate to execute the judgment went down, they applied to and secured from the circuit court a writ of habeas corpus on the ground that the information was void in that it was not sworn to by the county solicitor.

At this state of the cause, application for prohibition was made to this Court. A rule *nisi* was issued and returns duly entered thereto by the circuit judge and the defendants. The returns in part admitted the allegations of the suggestion for prohibition.

The question presented may be stated as follows: Under the state of facts recited, ·should this Court restrain the circuit court from making an order discharging the defendants or otherwise modifying the judgment of the criminal court of record as affirmed by this Court?

The question of the sufficiency of the information not having been raised by motion to quash before going to trial came too late after judgment. Bryan v. State, 41 Fla. 643, 26 So. 1022; Kirkland v. State, 86 Fla. 64, 97 So. 502; Sawyer v. State, 94 Fla. 60, 113 So. 736; Young v. State, 97 Fla. 214, 121 So. 468.

The law is settled in this State that when a cause has been appealed and judgment rendered by the appellate court, interference therewith on the part of the lower court by any proceding other than such as is directed by the appellate court will be prohibited. So, after a binding final judgment on appeal, the lower court may be prohibited from allowing the same matter to be relitigated. State *ex rel.* Hamilton v. Mayo, 123 Fla. 491, 167 So. 34; State *ex rel.* Davis v. Hardie, 108 Fla. 133, 146 So. 97; Lee v. Van Pelt, 57 Fla. 94, 48 So. 632.

The rule *nisi* is made permanent.

It is so ordered.

TERRELL, C. J., WHITMAN, CHAPMAN and THOMAS, J. J., concur.

Justices BROWN and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.