TERRELL, Justice.
Appellants, as citizens and taxpayers, instituted this suit in the Circuit Court of Sarasota County against the State Road Department, the Florida State Improvement Commission, hereinafter referred to as the Commission, and the City of Sarasota, to enjoin the sale of bonds proposed by the Commission and validated by the proper forum, the proceeds of which were to be used for the construction of certain bridges and causeways, more specifically described and detailed in a lease-purchase agreement between the Commission and the State Road Department.
Defendants moved to dismiss the complaint, attaching to said motions a copy of the decree validating said bonds, a copy of the record of the Clerk of the Circuit Court, showing that all rights reserved by John Ringling Estate, Incorporated, under its conveyance to the City of Sarasota, had been divested by eminent domain proceedings prosecuted in Sarasota County for the use and benefit of the State Road Department. The Florida State Improvement Commission filed a plea to the jurisdiction, charging that all questions attempted to be litigated in this cause were raised and foreclosed in the validation proceedings heretofore referred to. All defendants joined in a motion for summary judgment. It was stipulated between the parties that a transcript of the record in State of Florida v. Florida State Improvement Commission, reported in, Fla., 72 So.2d 30, be attached to and made a part of the record in this case.
At final hearing on the issues so made, the court entered a summary decree holding (1) this suit is in effect a collateral attack on the revenue bonds heretofore referred to and properly validated, (2) the final summary decree should be granted because all issues and points of law appear from the record, which makes the taking *512 of testimony or detailed findings unnecesr sáry, (3) all questions relating to the issuance, sale and validation of said bonds were set at rest in the validation ‘ proceedings, (4) appellants could have raised the question of authority to acquire a free bridge across Sarasota Bay in the validation proceedings, but having failed .to do so, they are now estopped • to again litigate that question, (5) the court further found that the purported-property rights of the plaintiffs are based upon the deed filed as Exhibit One to the original bill of complaint and that such property rights were duly condemned and taken by the eminent domain proceeding already referred to, account of which plaintiffs and.their predecessors in title have had their day in court. This order being ’without prejudice to plaintiffs to assert in any ■ other proceedings any property rights' they -may. have which are not foreclosed in and by the judgment rendered in the condemnation proceedings, being Law Case No. "230L We are confronted with an appeal from said summary final decree.
Six questions are urged for determination, but they all turn on whether or not the estate claimed by appellants, if reserved in the deed from John .Ringling Estates, Incorporated, to the City of Sarasota, was foreclosed or set at rest by the validation decree in State of Florida v.. Florida State Improvement Commission, reported in, Fla., 72 So.2d 30.
We have examined the deed from John Ringling Estates, Incorporated, to the City of Sarasota, and it reveals nothing to show that appellants, as individuals, acquired anything thereunder that was not acquired by the public in general, which was free use as a continuous and constant passageway or thoroughfare for the entire length and width thereof. They were not designated as having any right not common to that of the public, 'and being so, any claim made’by them was foreclosed and set at rest in the condemnation proceeding. The lower court so held and found that the plaintiffs and their predecessors in title had their day in court to protect such rights they had, if any. The lower court further found that if the clerk of the Circuit Court failed to file the “certificate referred to in Section 2290 Compiled General Laws [F.S.A. §■ 73.13]”, such failure does not defeat the title acquired by the County for the use and benefit of the State Road Department where the judgment was duly rendered and the sum awarded as compensation was paid into the registry of the court in due course, as the court found was done.
The cases are legion which hold that a validation decree such as that rendered in State of Florida v. Florida State Improvement Commission reported, Fla., 72 So.2d 30, gives the -court jurisdiction of the parties and the subject matter and gives all interested parties notice and opportunity to test the validity of the proceeding. State v. Sarasota County, 118 Fla. 629, 159 So. 797; State v. City of Miami, 113 Fla. 280, 152 So. 6; Boatright v. City of Jacksonville, 117 Fla. 477, 158 So. 42, and many others.
Since the plaintiffs, appellants, neglected or failed to intervene in the validation suit, they waived any constitutional right they may have had to do so and cannot now be permitted to relitigate any question that was settled and placed in repose by the validation decree. Weinberger v. Board of Public Instruction, 93 Fla. 470, 112 So. 253; City of Fort Myers v. State, 95 Fla. 704, 117 So. 97; Town of Boynton Beach v. State ex rel. Palm Beach Co., 108 Fla. 92, 145 So. 858; State ex rel. Harrington v. City of Pompano, 136 Fla. 730, 188 So. 610; State v. Ocean Shore Improvement Dist., 116 Fla. 284, 156 So. 433; State ex rel. Gibbs v. Circuit Court, 140 Fla. 378, 191 So. 699, and many others.
It is therefore our view that appellants had no personal or property rights in the bridges and causeways involved in this litigation that were not those of the public in general, and that every question raised in this cause was, or could have been raised and settled in the validation decree. They have brought nothing here which authorizes *513 them to relitigate the questions raised. They are accordingly estopped to do so.
Affirmed.
MATHEWS, C. J., SEBRING, J., and KANNER, Associate Justice, concur.