PER CURIAM.
This is an original proceeding in this court in mandamus. The object of the alternative writ was to require the respondent trial judge to vacate an order which he had entered staying execution, setting aside the judgment which had been entered by the trial court and affirmed by this court, and ordering a new trial. The alternative writ of mandamus disclosed the following prior proceedings:
The cause, Samuel H. Tobin vs. Deauville Realty Co., Inc., and Deauville Enterprises, Inc. was tried in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida and judgment rendered after a jury trial presided over by the Honorable Pat Cannon, circuit judge. An appeal from the final judgment was heard in this court and an order affirming the judgment was filed March 10, 1959.[1] Petition for rehearing was denied March 30, 1959. Subsequent to the affirmance of the judgment and the denial of petition for rehearing the appellants filed in this court and in that same appeal a motion which was entitled “motion to suspend or abate appellate proceedings and remand cause to trial court in light of newly discovered evidence.” Attached to this motion was a photostatic copy of a letter dated April 14, 1955, consisting of two pages each purporting to be signed by Joseph Norwood, one of the appellees. In the motion the appellant contended that the letter conclusively established that appellee, Norwood, had committed perjury during the trial of the cause and that because of the newly discovered letter this court should remand the cause to the trial court for further consideration of a motion for new trial in the light of the allegedly newly discovered evidence and the alleged perjury. After a hearing, this court denied the extraordinary petition, pursuant to an opinion of this court which recited that the extraordinary petition for rehearing was considered in the nature of an application for writ of error coram nobis.[2] In said opinion it was pointed out that under the allegations of the petition the letter was *430 not shown to be newly discovered evidence but on the contrary was forgotten evidence now newly remembered.
Subsequent to the decision and the two opinions of this court as above noted, the present respondent, Deauville, filed a petition for writ of certiorari in the Supreme Court of Florida. The affirmance of the judgment of the trial court on March 10, 1959, and the denial of the extraordinary petition on May 14, 1959, where each set forth as grounds for the issuance of the writ of certiorari. This petition for writ of certiorari was denied.[3] The order of the Supreme Court denying the petition for certiorari evinces that the opinion of this court reported at 109 So.2d 602 and the opinion of this court upon the extraordinary petition, reported at 111 So.2d 743 were examined. Following that denial of certiorari by the Supreme Court, this Court’s mandate to the circuit court was issued.
Thereafter, nevertheless, the respondent Deauville proceeded in the trial court under section 55.38, Fla.Stat., F.S.A.,[4] for stay of execution, execution having been issued by the clerk of the Circuit Court for Dade County on September 29, 1959. The motion for stay of execution again prayed for an order vacating the final judgment. The basis for the motion was the same letter which had formed the basis for the extraordinary motion which had been filed in this court after the appeal. Simultaneously with filing the motion for stay of execution the movants therein filed a motion for disqualification of the Honorable Pat Cannon, circuit judge. The circuit judge having refused the motion to recuse himself the movant filed in this court an original suggestion for writ of prohibition wherein it was. prayed that the Honorable Pat Cannon, circuit judge, be restrained from further proceedings in the cause. After the issuance of the rule nisi and the filing of the return of respondent and hearing, this court ordered that the rule nisi be made absolute and issued the writ of prohibition.[5] The former appellant and petitioner for stay of execution took the motion to the Senior Circuit Judge, the Honorable George E. Holt, in the absence of the presiding Circuit Judge for the Eleventh Judicial Circuit, requesting said circuit judge to make a reassignment of the case to another circuit judge.
The case was reassigned to another judge of the Eleventh Judicial Circuit, and, during temporary absence of the latter, the motion for stay of execution was presented to the Honorable George E. Holt, a judge of said court who was the designated alternate for the judge to whom the cause was reassigned. After hearing argument on the motion for stay of execution, Judge Holt determined that the circuit judge who had presided at the trial had been prejudiced during the trial of the cause, and that not only should the stay of execution be granted but that the judgment should be set aside for a new trial.
Judge Holt then entered the order which is the subject of the mandamus action, being dated and filed October 23, 1959, and recorded in Minute Book 427, page 207, in which it was ordered as follows :
“1. Execution under the judgment entered in the above cause is permanently stayed, and the levy made by the Metropolitan Sheriff of Dade County, Florida, under said execution, against property of defendants, Deauville Realty Co., Inc. and Deauville Enterprises, Inc., is cancelled and vacated, and the sale of said property scheduled for No *431 vember 2, 1959, pursuant to said levy, is cancelled and permanently stayed.
“2. The judgment heretofore entered in this cause, dated May 12, 1958, and recorded May 13, 1958, in Circuit Court Minute Book 370 at Page 361, in the office of the Clerk of this Court, Joseph Norwood, and against defendants Deauville Realty Co., Inc. and Deauville Enterprises, Inc. is cancelled and vacated.
“3. The above cause is remanded to the Jury Trial Docket of Marshall C. Wiseheart, Circuit Judge for further proceedings.”
The respondents filed their answer to the alternative writ of mandamus in which they incorporated a motion to quash. The answer advanced several contentions in response to the allegations of the alternative writ. First, that the judgment was obtained by perjured testimony which could be established by newly discovered evidence or other evidence available; second, that the circuit judge who tried the case, the Honorable Pat Cannon, was prejudiced against the defendants and that he had admitted his prejudice;[6] third, that the court had committed certain errors at the trial relating to rulings on evidence as to the amount of the brokerage commission; and, fourth, that under § 55.38, Fla.Stat, F.S.A., the court was entitled to prevent execution of the judgment for such reasons. The relator moved for peremptory writ notwithstanding the answer, and the matter then came on for argument before this court.
We hold that the motion to quash as contained in the answer was not well taken and should be denied; that the answer of the respondents failed to assert any sufficient defense to the allegations of the writ, and that the relators are entitled to judgment and a peremptory writ of mandamus. This is so because of the well established rule that after a judgment has been appealed and affirmed, and the mandate of the appellate court has been issued, the trial court has no power to vacate the judgment, or to stay execution for the purpose of or incident to ordering a new trial, unless first an application shall have been made to the appellate court and granted, giving permission to so proceed in the trial court. Bloxham v. Florida Cent. & P. R. Co., 39 Fla. 243, 22 So. 697; Walker v. Young, 93 Fla. 29, 111 So. 516; Baskin v. Klemm, 118 Fla. 657, 160 So. 509; Vining v. American Bakeries Co., 121 Fla. 122, 163 So. 519; State ex rel. Gibbs v. Circuit Court of Eleventh Judicial Circuit, 140 Fla. 378, 191 So. 699; State ex rel. Budd v. Williams, 152 Fla. 189, 11 So.2d 341; Eisenburg v. Cornblum, 156 Fla. 702, 24 So.2d 236; Berger v. Leposky, Fla.1958, 103 So.2d 628, 631.
As early as 1897 in the case of Bloxham v. Florida Cent. & P. R. Co., supra (22 So. at page 705), the Supreme Court of Florida stated this proposition, saying:
“ * * * We are of the opinion that when the supreme court on appeal af *432 firms the decree of the circuit court, or when such a decree is modified on appeal, either as to questions of law or fact necessarily involved, with directions for further proceedings consistent with the opinion, the circuit court has no authority to open the case for a new trial, or to enter any other judgment than that directed to be entered, unless authority to do so is expressly given by the appellate court. Any other rule than this seems to us to be entirely inadmissible. * * *.”
In State ex rel. Gibbs v. Circuit Court of Eleventh Judicial Circuit, supra (191 So. at page 700), the Supreme Court said:
“The law is settled in this State that when a cause has been appealed and judgment rendered by the Appellate Court, interference therewith on the part of the lower Court by any proceeding other than such as is directed by the Appellate Court will be prohibited. * *
In State ex rel. Budd v. Williams, supra (11 So.2d at page 341), it was said:
“When the decree of the circuit court was affirmed by this court, such decree was merged and became the judgment and decree of this court. Bloxham v. Florida Cent., etc., R. Co., 39 Fla. 243, 22 So. 697; Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792, 794. After affirmance of the decree by this court the circuit court was without jurisdiction to alter or change the decree as so affirmed without first having authority from this court to so act.”
Permission previously had been sought and denied in this appellate court to apply to the trial court for an order for new trial, claiming newly discovered evidence and that a plaintiff had testified falsely as to the amount agreed upon for the commission.[7] To the extent that the order of the trial court, vacating the judgment and making provision for new trial, was based on grounds or matters relied on in the prior petition filed in this court for leave to so move in the trial court, which petition was considered and denied by this court, the trial court was without power to so proceed and was doing that for which required permission had been refused by the appellate court. To the extent that the trial court’s order, staying execution and vacating the judgment for the purpose of a new trial, was based on any other reason or grounds, that court was equally without power to make such order, without the requisite permission of the appellate court.
This principle that a trial court’s judgment which, following appeal, becomes the judgment of an appellate court, can not be set aside and new trial ordered without permission expressly granted by the appellate court, is essential to the orderly processes of the law. The statute allowing the trial court to stay execution “fon good cause” (§ SS.38, Fla.Stat., F.S.A.), does not operate to affect the jurisdiction of the appellate court over its judgments and their invulnerability without permission of the appellate court. We are therefore impelled to hold that the trial judge had no authority to set aside the judgment in the cause, which, as stated above, had become the judgment of this court. It was and is the legal duty of the trial judge who entered! the said order of October 23, 1959, to vacate the order, and, in the absence of prior permission of the appellate court to order otherwise, make only such orders as shall be in accordance with the mandate of this court and to enforce judgment in the causes
The motion for peremptory writ of mandamus notwithstanding the answer is granted, and judgment in mandamus is awarded to the relators, who are held to be entitled to issuance of the peremptory writ of mandamus as prayed. We assume that in view *433 of this holding the order involved will be vacated by the trial judge v/ho entered it, and that it will not be necessary to issue a formal writ.
It is so ordered.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.

. Deauville Realty Co. v. Tobin, Fla.App.1959, 109 So.2d 602.

. Deauville Realty Co. v. Tobin, Fla.App.1959, 111 So.2d 743.

. Deauville Realty Co. v. Tobin, Fla.1959, 115 So.2d 8.

. Section 55.38 Fla.Stat., F.S.A. “Executions; stay of upon motion. The court before which an execution is returnable may, on a motion and notice to the adverse party, for good cause, upon such terms as the court may impose, direct a stay of the same, and the suspension of proceedings thereon.”

. State ex rel. Deauville Realty Co., Inc. v. Cannon, Fla.App.1959, 114 So.2d 726.

. A claim that Honorable Pat Cannon, the circuit judge who tried the cause originally, was biased and prejudiced at the trial had been raised on the appeal on which the judgment was affirmed. The respondents’ present contention that the judge had now admitted he was biased during the trial was arrived at through his frank admission that he was biased against E. M. Loew, president of a defendant corporation, made at the time that counsel for said parties sought to disqualify him from hearing their motion to stay' execution, which motion was made after the judgment had been affirmed by this court. Said matters came before this court on a proceeding in prohibition in wliicli a writ was granted precluding tbe original trial judge from bearing the motion for stay of execution. The respondents here contend that the showing in the prohibition proceeding that the judge had admitted prejudice incident to the motion for stay of execution necessarily establishes that he was prejudiced earlier, at the trial, although when called upon to disqualify himself, Judge Cannon explained that his prejudice stemmed from the fact that E. M. Loew, following the trial in the original case, wrote a letter to another judge of the circuit court criticizing his handling of the trial and his judicial conduct generally.

. See note 2, supra.