122 So.2d 412 (1960)
John D. CHAMPLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1734.
District Court of Appeal of Florida. Second District.
August 10, 1960.
Ives, McIntosh & Davis, Palm Beach, for appellants.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
OVERSTREET, MURRAY W., associate Judge.
In the Criminal Court of Record of Palm Beach County, Florida, appellant was charged by information with an offense under the child molester law, tried, convicted, adjudged guilty and sentenced.
The information was signed by the County Solicitor, and the affidavit attached to the information was signed but not acknowledged by the Solicitor.
During the trial, the complaining witness and other witnesses, all males between 14 and 17 years of age, testified that at various times for a period of two years immediately prior to the filing of the information, they had separately visited appellant's photo studio in Palm Beach, on which occasions they viewed pictures of nude men and women committing crime against nature acts, and were shown by appellant and allowed to read sexy books and short stories which were calculated to, and did, arouse the passions of the young men, after which appellant would commit with them the reprehensible crime against nature. Some of said pictures and books were unlawfully *413 seized at the time of the arrest of appellant; the court allowed them to be marked for identification, refused to admit them in evidence, but permitted the State's witnesses to allude to certain of them while testifying. The testimony of the complaining witness was clear and apparently convincing that within two years before the filing of the information the appellant had committed with him a crime against nature as charged. Appellant did not take the stand but offered the testimony of several alibi witnesses to show he was at other places in Palm Beach at the time when the complaining witness stated the offense was committed. The jury chose to believe the State's witnesses.
In his assignments of error, appellant sets forth two grounds of error which are, in essence, as follows:
1. When the Court properly refuses to admit into evidence writings as to preliminary, secondary or collateral matters, is it error for the Court to allow witnesses while testifying, to allude to the contents of said writtings?
Since the writings pertained only to preliminary, secondary and collateral matters, the contents thereof could be proven independently by parol evidence, and it was immaterial that the writings themselves were not admitted and were not admissible in evidence. 1 Underhill's Criminal Evidence, 5th Ed., page 187, and 32 C.J.S., Evidence § 783, page 708.
2. Does the failure of the prosecuting officer of a Criminal Court of Record to swear to an information, render the information void?
Section 10 of the Declaration of Rights, F.S.A., Article 5, Section 28 of the Constitution of Florida, F.S.A., and Section 906.04 of the 1959 Florida Statutes Annotated, require an information to be under oath.
However, the verification is not a substantial part of the information, and is merely to insure good faith in instituting the proceedings. Absence or omission of the required verification is only a formal defect and does not render the information void, and the defect may be waived. 42 C.J.S. Indictments and Informations § 86, page 948.
Appellant having failed to raise this point in the trial court before arraignment and entering his plea of not guilty, plus failing to raise the point in his motion to quash, motion in arrest of judgment, or even in his motion for new trial, and having raised it for the first time in his assignments of error, he is deemed to have waived the defect. Sections 909.01 and 909.06, F.S.A.; Bryan v. State, 41 Fla. 643, 26 So. 1022; Sawyer v. State, 94 Fla. 60, 113 So. 736; State ex rel. Gibbs v. Circuit Court of Eleventh Judicial Circuit, 140 Fla. 378, 191 So. 699; see also Kaminski v. State, Fla. 1954, 72 So.2d 400.
The judgment of the trial court is affirmed.
ALLEN, C.J., and SHANNON, J., concur.