136 So.2d 671 (1962)
Lillian S. KING and Isabelle S. Blue, Appellants,
v.
L & L INVESTORS, INC., a Florida Corporation, Appellee.
No. 61-30.
District Court of Appeal of Florida. Third District.
January 29, 1962.
Paul A. Louis, Bertha Claire Lee and N.J. Durant, Miami, for appellants.
Glasel, Meyer & Leben, Hollywood, and Joseph Pardo, Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
CARROLL, Judge.
In King v. L & L Investors, Inc., Fla. App. 1961, 133 So.2d 744, we reversed a final decree of foreclosure and remanded the cause to the trial court with directions to enter a summary final decree for the defendants dismissing the complaint. A petition for rehearing, petition for modification and/or clarification of opinion, and a motion to supplement the record by adding certain new evidence, all filed by the appellee, were denied, and the mandate of this court issued and was filed in the circuit court on November 15, 1961.
On January 4, 1962, on motion of the appellants, who were the defendants below, the chancellor entered an order on the mandate, setting aside the foreclosure decree and the sale made thereunder, dismissing the complaint and directing that possession be restored to defendants. More than 15 days after the filing of the mandate, and without having sought permission of the appellate court, the appellee-plaintiff through new counsel filed a motion in the trial court suggesting that appellants had made false representations to the district court of appeal, and moving the trial court to set aside the order on the mandate and, in effect, reject the judgment of the appellate court for that reason. The plaintiff also moved the trial court to stay proceedings on the mandate pending a proposed petition for certiorari to the Supreme Court from the decision of this court. The chancellor granted the motion for stay, fixed a supersedeas bond of $1,000, and, proceeding on the motion to set aside this court's decision for supposed fraud on the appellate court, ordered the defendants-appellants to appear before him on a named day to be *672 questioned regarding the matters in the plaintiff's said motion.
The cause is now before us on appellants' petition for prohibition and for a writ to carry into effect the mandate.
In the case of State ex rel. Mortgage Investment Foundation, Inc. v. Knott, Fla. 1957, 97 So.2d 265, the Supreme Court dealt with a similar situation and granted prohibition. In that case the Supreme Court had reversed the trial court and directed it to enter a decree for specific performance of a contract. A petition for rehearing and a motion to file a bill of review in the lower court were filed in the Supreme Court and denied, after which the mandate of the court was issued and filed in the trial court. Thereafter the trial court granted the appellee's motion to proceed there to review the cause by a bill of review. As a preface to granting prohibition the Supreme Court said (97 So.2d at 266):
"The trial court had no jurisdiction to enter the questioned order. The rendition of the opinion and judgment and the issuance of the mandate of this Court directing the entry of a decree of specific performance removed any discretion which the trial court had in the matter and left him vested only with the power to enter such decree in accordance with the requirements of the mandate. Our judgment superseded and nullified the previous judgment of the circuit court and the only power remaining in that court over the proceedings was to carry out and place into effect the order and judgment of this Court. State v. Citrus County, 1935, 117 Fla. 792, 158 So. 705. Moreover, had this Court not acted adversely upon a motion for leave to file a bill of review, the lower court would have had no power to enter the questioned order without being first authorized to do so by leave granted by this Court. Bloxham v. Florida Cent. & P.R. Co., 1897, 39 Fla. 243, 22 So. 697; State ex rel. Reynolds v. White, 1898, 40 Fla. 297, 24 So. 160; Reynolds v. Florida Cent. & P.R. Co., 1900, 42 Fla. 387, 28 So. 861."
In State ex rel. Gibbs, v. Circuit Court of Eleventh Judicial Circuit, 140 Fla. 378, 191 So. 699, 700, the Supreme Court said:
"The law is settled in this State that when a cause has been appealed and judgment rendered by the Appellate Court, interference therewith on the part of the lower Court by any proceeding other than such as is directed by the Appellate Court will be prohibited. * * *"
In Petition of Vermeulen, Fla.App. 1960, 122 So.2d 318, 320, the district court of appeal in the first district, speaking through Chief Judge Wigginton, said:
"Courts are the mere instruments of the law and can will nothing. In the over-all scheme for administering justice courts at the various levels of authority are required to discharge their lawful duties within the orbit of their respective jurisdictions. When one court has completed its judicial functions with respect to any matter brought before it, its responsibility as to such matter ends. If on appeal the result reached by the court of original jurisdiction is reversed or modified, that court is required to effectuate with fidelity and dispatch the mandate of the superior court. The reason for this rule is obvious. When a particular judgment is directed by the appellate court, the lower court is not acting on its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interest require that an end shall be put to litigation, and when a given cause has received consideration on appeal, its merits determined, and the cause remanded with specific directions, the court to which such mandate is directed has no power to do anything but obey the mandate. Under any other rule of procedure litigation *673 would never be ended, the harmony of the whole judicial system would be inevitably marred, its integral parts brought into conflict, resulting in disorganization, disorder, incalculable mischief and confusion. The end product of any other rule would be a government of men instead of a government of law."
In the present case the trial court had no jurisdiction to enter the questioned orders. When this court had rendered its opinion and judgment and issued its mandate with directions to the trial court to enter a decree for the defendants and dismiss the complaint, the chancellor was without discretion to do otherwise, and was vested only with power to enter such decree in accordance with the requirements of the mandate.
The matter set forth in plaintiff's motion to the trial court which was the basis for the order to defendants to appear for proceedings aimed at setting aside the judgment of the appellate court, had been presented to this court in a motion with the petition for rehearing, and had been denied by this court. In addition, had we not already rejected it as a basis for modification or other relief as to our decision, the plaintiff was not privileged to present such matter to the trial court in an effort to set aside or alter the decision of the appellate court or to avoid its mandate without first having sought and obtained permission of the appellate court, and the trial court was without jurisdiction to so proceed without prior permission of the appellate court after the filing of the mandate. Petition of Vermeulen, supra, Fla.App. 1960, 122 So.2d 318; State ex rel. Tobin v. Holt, Fla.App. 1960, 117 So.2d 428; State ex rel. Stewart v. Circuit Court, Fla. 1960, 116 So.2d 424; State ex rel. Mortgage Investment Foundation, Inc., v. Knott, supra, Fla. 1957, 97 So.2d 265; Cone v. Cone, Fla. 1953, 68 So.2d 886; Bloxham v. Florida Cent. & P.R. Co., 39 Fla. 243, 22 So. 697.
The stay of proceedings on our mandate by the trial court was not authorized under the Florida Appellate Rules. Rule 4.5c(6), 31 F.S.A., dealing with petitions for certiorari from the district court to the Supreme Court provides for an automatic stay of further proceedings in the district court and trial court pending disposition of certiorari by the Supreme Court where certiorari is filed in the Supreme Court within 15 days from the filing of the decision which is sought to be reviewed or within 15 days of the disposition of the petition for rehearing where one is filed thereto; but the rule goes on to say that otherwise such proceedings will be stayed only on order of the Supreme Court of Florida after notice to the adverse party. In this case no petition for certiorari was filed in the Supreme Court within such 15-day period and no stay had been applied for and granted in the Supreme Court. Thus, although the appellee later filed a petition for certiorari in the Supreme Court on January 10, 1962, no stay of proceedings was in effect in this court or in the circuit court at the time the latter court entered the questioned orders, or at any time since. See Kuhn v. Telford, Fla. 1959, 116 So.2d 239
The response filed by appellee to the petition for prohibition and to enforce the mandate is without merit. It does no more than recite the matter which was filed in the trial court claiming fraud on this court, as above referred to, and which in substance is the same as that which was submitted to this court in a separate motion at the time of the filing of the petition for rehearing. Contained in appellee's response to the petition for prohibition was a request for leave to proceed with its motion in the trial court to set aside the mandate and judgment of this court. We conclude the request to so proceed in the trial court must be denied. As a basis for such request appellee averred that appellants Lillian S. King and Isabelle S. Blue committed a fraud on this court by representing themselves to be the owners of the mortgaged property and the ones who conveyed it to the builder DeStefano or his nominee corporation. As aptly pointed out by counsel for appellants, the record itself refutes the contention. This is so because *674 the appellants King and Blue did not testify in the case, either in person or through deposition or affidavit. The factual matters which this court's opinion recited as being disclosed on the record, were in fact so disclosed not by King and Blue, but through plaintiff's officers. In his deposition, Lipsitz, who was the secretary, referred to King and Blue as being the owners, and said they were building for King and Blue. Levin, the president, testified in his deposition that the property had been deeded to the builders by "the colored people" and was to be "redeeded" to "them." Thus when the facts such as referred to in our opinion were stated by counsel in the briefs and in argument on the appeal, they conformed to the record. It was only by presenting extrinsic matter that appellee was in a position to make the point asserted in its post-mandate motions that it was a Rosa Sharpe and not King and Blue who had conveyed the property to the builders and therefore who had been the owner at that time. King and Blue responded by showing that Rosa Sharpe was their mother, an aged woman of 84, who died in August of 1960. It appears to have been a family deal and so considered by the builders. There were the mother, the two daughters, and a son. Reconveyance of the property to the daughters King and Blue brought no objection by others of that family. The matter raised by the appellee's motion, based on evidence outside the record, as to the mother of King and Blue originally holding title, is immaterial, and constitutes no reason to set aside the opinion and judgment of this court or to avoid the effect of the mandate.
For the reasons stated appellants-petitioners are entitled to have a writ issue out of this court to prohibit the further exercise of jurisdiction by the circuit court on the plaintiff's said motion to set aside the judgment of this court or the order of that court on the mandate, and appellee's motion to this court for permission to so proceed in the trial court is denied.[1] The circuit court's order of January 5, 1962, directed to the appellants to appear for proceedings under plaintiff's said motion, is quashed and vacated; and the order of the trial court on January 5, 1962, staying the order it had entered on the mandate and thus staying proceedings on the mandate, is quashed and vacated, and the trial court's proper order of January 4, 1962 on the mandate is restored to effect.
We assume that, in view of this opinion, formal issuance of the writ will be unnecessary, and such writ shall issue only on further application by the petitioners.
It is so ordered.
NOTES
[1] Art. V, § 5(3), Fla. Const., 26 F.S.A., empowers a district court of appeal to issue "all writs necessary or proper to the complete exercise of its jurisdiction." And § 35.08 Fla. Stat., F.S.A., provides: "Each district court of appeal is vested with all the power and authority necessary for carrying into complete execution all of its judgments, decrees, orders and determinations in the matters before it agreeable to the usage and principles of law."