162 So.2d 697 (1964)
The STATE of Florida ex rel. Earl William PALUSKA, Jr., a minor, by and through his next friend, natural guardian and father, Earl W. Paluska, and Earl W. Paluska, individually, Petitioners,
v.
The Honorable Jos. S. WHITE, Judge of the Circuit Court, and the Circuit Court of the Fifteenth Judicial Circuit of Florida, individually and collectively, Respondents.
No. 4769.
District Court of Appeal of Florida. Second District.
April 15, 1964.
*698 H.L. Cooper, Jr., of O'Connell & Cooper, West Palm Beach, for petitioners.
Westley W. Silvian, of Burdick & Silvian, West Palm Beach, for respondents.
SMITH, Chief Judge.
The petitioners in this original proceeding for a writ of prohibition are the defendants in an action at law presently pending in the respondent-court. They seek an order from this court prohibiting the trial of the case on the ground that the court below lacks jurisdiction of the action.
The essential facts are not disputed. The plaintiffs brought an action against the petitioners in the respondent-court seeking damages sustained in an automobile accident. In the course of the jury trial the plaintiffs called a witness and by him endeavored to identify a certain documentary exhibit. The court sustained the petitioners' objections both to the testimony of the witness and the exhibit. The plaintiffs moved the court for nonsuit, and subsequently a judgment of nonsuit in the form prescribed in Spiker v. Hester, 1931, 101 Fla. 286, 288, 133 So. 872, 135 So. 502, was entered.
The plaintiffs instituted another action against the defendants based upon the same alleged cause of action. With other pleas *699 the defendants filed a plea alleging the prior action and its termination by judgment of nonsuit as a defense of res judicata, followed by the defendants' motion for summary judgment based on the affirmative defense of res judicata. The court denied the motion for summary judgment expressly holding that the practice of taking nonsuits recognized by section 54.09, Florida Statutes, F.S.A., had not been abolished by the 1962 amendments to Rule 1.35 of the Florida Rules of Civil Procedure, 30 F.S.A.
Prohibition must be denied without passing upon the basic question sought to be raised. The writ of prohibition is that process by which a superior court prevents an inferior court from exceeding its jurisdiction or usurping a jurisdiction with which it has not been vested by law. It issues only when the party seeking it is without other adequate means of redress. This writ should not become a vehicle for the determination of questions involving the correct or incorrect decision of another court in matters in which that court has jurisdiction to act. Prohibition does not lie to correct errors of a court which is acting within its jurisdiction although it is proceeding improperly in the exercise of that jurisdiction. 20 F.L.P., Prohibition, sections 2, 8, 11, and 29.
Where two actions have been instituted involving the same parties and the same subject matter the general rule is that, upon the entry of a judgment in the first action, the remedy of prohibition is not available to prohibit further proceedings in the second action. This rule is based upon the fact that a judgment in the first action does not, of itself, deprive the court of jurisdiction to proceed in the second action. Numerous cases supporting the general rule are collected in an annotation, entitled, Prohibition to prevent multiplicity of proceedings, 159 A.L.R. 1283 at section V, pages 1293-1295, entitled, Prohibition where defense of res judicata is available against second suit. Some of the cases are cited in support of the following statement in 73 C.J.S. Prohibition § 11 at note 11, page 44: "A plea of res judicata does not oust a court of jurisdiction * * *." See also 42 Am.Jur., Prohibition, section 31, 1963 Cum.Supp. at note 13.5, page 27, citing State ex rel. Cacciatore v. Drumright, 1934, 116 Fla. 496, 156 So. 721, 97 A.L.R. 154, as authority for the general rule.
While the facts in the case before us are somewhat different from those in the Cacciatore case, supra, the principles involved appear to be identical. Further, the Supreme Court appears to have intended to adopt a general rule applicable to civil as well as criminal cases. For these reasons we believe that the Cacciatore case adopts and supports the general rule stated above and requires us to deny the petitioners' application for a writ of prohibition.
We have not overlooked the final clause of the following statement of the Supreme Court in the subsequent case of State ex rel. Florida Dry Cleaning And Laundry Board v. Atkinson, 1938, 136 Fla. 528, 548, 188 So. 834, 843: "But the power lies in the Circuit Court to disregard the rule of stare decisis, though it has not the power to disregard the rule of res adjudicata." An examination of the context in which this statement appears discloses that the Supreme Court was not referring to a situation such as the one before us, where a prior judgment in another action is pleaded in bar of a second action. Rather, the Supreme Court had in mind the situation where a lower court, following an appeal, entertains proceedings inconsistent with the appellate court's mandate. That prohibition will lie in such a case is apparent from two of the cases, cited by the petitioner, which the Supreme Court distinguished, namely, State ex rel. Burr v. Whitney, 1913, 66 Fla. 24, 63 So. 299 and State ex rel. Reynolds v. White, 1898, 40 Fla. 297, 24 So. 160. See also, King v. L & L Investors, Inc., Fla.App. 1962, 136 So.2d 671; State ex rel. Stewart v. Circuit Court, Fla. 1959, 116 So.2d 424; State ex rel. Mortgage Investment Foundation v. Knott, Fla. 1957, 97 So.2d 265, *700 and State ex rel. Gibbs v. Circuit Court, 1939, 140 Fla. 378, 191 So. 699. See also section XI, entitled, Prohibition to protect proceedings in or judgment of appellate court, pages 1299-1302, of the annotation, supra, entitled, Prohibition to prevent multiplicity of proceedings, 159 A.L.R. 1283, which cites and summarizes the Gibbs case, supra. For these reasons we have concluded that our Supreme Court adopted the general rule in the Cacciatore case, supra, and that it did not intend to recede from that position by the statement, cited above, in the Florida Dry Cleaning And Laundry Board case, supra.
The rule nisi is hereby discharged and the suggestion for writ of prohibition is dismissed.
WHITE and KANNER (Retired), JJ., concur.