PER CURIAM.
Relator’s suggestion for writ of prohibition set forth that after this court issued its opinion and mandate in Archer-Daniels-Midland Co. v. A & P Bakery Supply and Equipment Co., Fla.App.1970, 240 So.2d 73, the trial judge first entered final judgment in accordance with the mandate and then entered an order granting relief from that judgment. The order granting relief from the judgment was entered upon a motion for- relief pursuant to RCP 1.540, 31 F.S.A. The opinion and mandate of this court entered on the 2nd day of April, 1971, contains specific directions stating, “The cause is remanded to the trial court with directions to reinstate the verdict and enter judgment thereon.” No appeal was taken from the judgment entered pursuant to the direction of this court. No motion was made in this court for authority to move in the trial court to set aside the judgment and consequently no leave to move to set aside the judgment was granted by this court.
This court having determined that the suggestion made a prima facie case issued a rule nisi. In response to the rule respondent has filed objections to the suggestion for writ of prohibition which we accepted as a response. After hearing we have determined that the issuance of the preemp-tory writ is proper under the law as set forth in State ex rel. Gibbs v. Circuit Court of Eleventh Judicial Circuit in and for Dade County, Florida, 140 Fla. 378, 191 So. 699 (1939), State ex rel. Mortgage Inv. Foundation, Inc. v. Knott, Fla.1957, 97 So.2d 265; King v. L & L Investors, Inc., Fla.App.1962, 136 So.2d 671. The respondent in argument before this court has urged that the judgment entered on the mandate was not the judgment of this court because our opinion and mandate was not issued upon an appeal from the final judgment itself but on appeal from an order granting a new trial. We feel that this is a distinction without a difference and one that does not have a basis in established precedence. It is a distinction which if made would permit successive motions for a new trial upon different grounds after the reversal of an order granting a new trial and without the necessity of obtaining leave of an appellate court. Berger v. Leposky, Fla.1958, 103 So.2d 628.
Accordingly the preemptory writ will be issued in this cause and the trial judge is directed to set aside the order dated the 23rd day of July, 1971, and entitled, “Order Granting Relief From Judgment;” further, the trial court shall enter an order reestablishing the judgment entered pursuant to the mandate of this court and dismissing the motion for relief pursuant to RCP 1.540.
It is so ordered.