WARNER, J.
Through this petition for writ of prohibition, InPhyNet Contracting Services, Inc. and Team Health, Inc., seek to prevent the trial court from considering a second amended complaint to certify a class action after this court determined in InPhyNet Contracting Services, Inc. v. Soria, 33 So.3d 766 (Fla. 4th DCA 2010) (“InPhyNet /”), that no class action could be maintained. We grant the writ.
The facts underlying this case are fully set forth in InPhyNet I. The respondent, Dr. Soria, sued InPhyNet and Team Health in a class action complaint alleging that physician employment contracts with the petitioners entitled the physicians to receive a percentage of the profits as incentive compensation through a bonus pool but that InPhyNet had failed to pay the physicians what they were entitled to because it “had inflated its expenses through a ‘phantom’ expense line of ‘Other Physician Benefits’ which reduced the profits available for bonus payments. ” Id. at 769 (emphasis supplied). Because the bonus provisions of the contracts contained no obligation to pay a percentage of the profits to the bonus pool, and the contract provision gave the petitioners “sole discretion” to determine the amounts to be placed in the bonus pool, we concluded that the claims required individual proof, and that common questions did not predominate:
To prove his claim that the physicians were entitled to a percentage of InPhy-Net’s profits, Dr. Soria relied on testimony of a company practice, not any written contract, that physicians would receive 60% of earnings before interest and taxes as part of the PIP plan at each facility. Because there is no written obligation to pay a percentage of profits to the bonus pool, InPhyNet’s liability would have to be established by oral promises, if any, made to the individual physicians beyond the four corners of the PIP plans themselves. These claims would necessarily require individualized determinations about what was promised to each physician .... Rather than being susceptible to class-wide proof, this case will ultimately require the very sort of mini-trials on liability which this court has explained are inappropriate for class treatment.
Id. at 773. Specifically, as to the “Other Physician Benefits” deduction from profits, we said, “[although there is a commonality of issues pertaining to the allegedly improper Other Physician Benefits deduction, individual issues regarding the formation of each contract, especially the inclusion of a particular bonus pool provision, will predominate over common issues such that class representation is not practical.” Id. at 774. We reversed the class certification, “as Dr. Soria has failed to *1051 prove that the common claim will predominate over the individual issues in this case.” Id. at 774.
As soon as the case returned to the trial court, Dr. Soria filed a second amended complaint seeking class status. In it he did not claim that he was entitled to any percentage of profits to be paid to the pool. Instead, he limited his claim to the “Other Physician Benefits.”[1] He claimed that this was a phantom deduction which reduced profits, and thus distributions, to the physicians. While the petitioners maintained that this was the same claim as was brought in InPhyNet I, the trial court permitted the amendment of the complaint. The petitioners then filed this petition for writ of prohibition.
An appellate court has the inherent power to enforce its mandates and may issue any writ necessary or proper to the complete exercise of its jurisdiction. See Stuart v. Hertz Corp., 381 So.2d 1161, 1163-64 (Fla. 4th DCA 1980) (holding that trial court was without authority, upon issuance of the appellate mandate, to allow the filing of an amended third party complaint). Prohibition will therefore lie to prevent a trial court from proceeding contrary to an appellate court’s mandate. See State ex rel. Rimmeir v. Milledge, 104 So.2d 355 (Fla.1958). Prohibition is appropriate in situations “where a lower court, following an appeal, entertains proceedings inconsistent with the appellate court’s mandate.” State ex rel. Paluska v. White, 162 So.2d 697, 699 (Fla. 2d DCA 1964) (denying prohibition, but explaining a situation where it would be an appropriate remedy); see also State ex rel. Gibbs v. Circuit Court of Eleventh Judicial Circuit in and for Dade County, 140 Fla. 378, 380, 191 So. 699, 700 (1939) (“The law is settled in this State that when a cause has been appealed and judgment rendered by the Appellate Court, interference therewith on the part of the lower Court by any proceeding other than such as is directed by the Appellate Court will be prohibited. So, after a binding final judgment on appeal, the lower Court may be prohibited from allowing the same matter to be reliti-gated.”).
Here, prohibition is appropriate because the trial court, after the appellate mandate, allowed the plaintiff to proceed with one count of its second amended class action complaint. The trial court’s action was inconsistent with this court’s decision in InPhyNet I.
It is evident that a uniform “Other Physician Benefits” deduction would reduce profits to be paid to the bonus pool, as we noted in InPhyNet I. How the amount of that bonus pool is to be determined is not contained within the written agreement with each physician. As we explained in the prior opinion, that is a matter of individual proof. It is obvious from a careful reading of this court’s decision that any claims pertaining to the allegedly improper expense of “Other Physician Benefits” must proceed on an individualized basis. Id. at 773 (“Because there is no written obligation to pay a percentage of profits to the bonus pool, InPhyNet’s liability would have to be established by oral promises, if any, made to the individual physicians beyond the four corners of the PIP plans themselves. These claims would necessarily require individualized determinations about what was promised to each physician. ...”).
We grant the writ to the extent that the trial court is precluded from taking further *1052 action to certify the claims of the Second Amended Complaint as a class action. We do not preclude the assertion of an individual claim by Dr. Soria based upon the cause of action alleged.
STEVENSON and CONNER, JJ„ concur.

. He made other claims, but the trial court dismissed all but the class action claim based upon the Other Physician Benefits deduction.