KHOUZAM, Judge.
 

 Jerry Pharisien appeals his convictions and sentences for second-degree murder with a firearm and attempted second-degree murder with a firearm. We write to address his argument that the jury instruction given on manslaughter by act was fundamentally erroneous because it indicated that a conviction for manslaughter required proof that he intended to kill the victim. As we conclude that the manslaughter instruction that was given in Pharisien’s case was not error, we affirm and certify conflict with the First District. We note that this court recently reached the same result in
 
 Daniels v. State,
 
 72 So.3d 227 (Fla.2011), which addressed the same issue. Pharisien also argues that the circuit court erred by denying his motion for judgment of acquittal. We affirm as to this issue without comment.
 

 On July 13, 2007, there was a shooting at a night club that left one man dead and another injured. Pharisien was charged with second-degree murder with a firearm and attempted second-degree murder with a firearm. At trial, Pharisien’s attorney requested that the court not instruct the jury as to any lesser included offenses because there was no testimony to support convictions on the lesser included offenses. The trial court agreed not to provide the lesser included offense of aggravated battery on the attempted second-degree murder charge. However, the court decided to provide the jury with the manslaughter by act instruction on the second-degree murder charge as follows:
 

 The lesser crime indicated in the definition of Second-Degree Murder is Manslaughter. To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
 

 [The victim] is dead and, two, Jerry Pharisien intentionally caused the death of [the victim].
 

 In order to convince that [sic] Manslaughter by an intentional act, it is not necessary for the State to prove that the Defendant had a premeditated intent to cause death, only an intent to commit an act which caused death.
 

 Pharisien’s attorney did not object to this instruction. The jury found Pharisien guilty as charged.
 

 In
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), the Florida Supreme Court held that the then-standard jury instruction on manslaughter by act constituted fundamental error because it required proof of intent to kill. That instruction read as follows:
 

 To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
 

 1. (Victim) is dead.
 

 2. a.
 
 (Defendant) intentionally caused the death of (victim).
 

 In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.
 

 Id.
 
 at 256 (quoting Fla. Std. Jury Instr. (Crim.) 7.7 (2006)).
 

 
 *158
 
 The instruction given in Pharisien’s case is different than the instruction given in
 
 Montgomery
 
 because it includes language that further explains the intent element of manslaughter. As the
 
 Montgomery
 
 court noted, the standard instruction was amended in 2008 to clarify that the required intent for a manslaughter conviction is intent to commit an act that caused the death of the victim as opposed to an intent to kill: “In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death,
 
 only an intent to commit an act which caused death.” Id.
 
 at 257 (quoting
 
 In re Std. Jury Instrs. in Crim. Cases-Report No. 2007-10,
 
 997 So.2d 403, 403 (Fla.2008)).
 

 The First District held in
 
 Riesel v. State
 
 that this amended instruction did not eliminate the intent-to-kill requirement. 48 So.3d 885, 886 (Fla. 1st DCA 2010). Accordingly, the First District concluded that the amended instruction was fundamentally erroneous for the same reason as the instruction addressed in
 
 Montgomery. Id.
 
 Relying on
 
 Riesel,
 
 the First District has reached the same conclusion in several additional cases.
 
 See, e.g., Noack v. State,
 
 61 So.3d 1208, 1208 (Fla. 1st DCA 2011);
 
 Pryor v. State,
 
 48 So.3d 159, 161-62 (Fla. 1st DCA 2010);
 
 Williams v. State,
 
 50 So.3d 1207, 1208 (Fla. 1st DCA 2010).
 

 The Third District, on the other hand, held in
 
 Moore v. State
 
 that the amended instruction was not fundamentally erroneous because it sufficiently clarified the intent element. 57 So.3d 240, 244 (Fla. 3d DCA 2011).
 
 [1]
 
 We agree. It is true that the amended instruction first provides that the jury must find that the defendant “intentionally caused the death of’ the victim. As addressed in
 
 Montgomery,
 
 this phrase is problematic because it suggests that the defendant must have intended to kill the victim. But the amended instruction clarifies that it is only necessary for the jury to find “an intent to commit an act which caused death.” Because the amended instruction given in Pharisien’s case included this clarifying language, we conclude that no error occurred. Accordingly, we affirm. We also certify conflict with the First District’s holding in
 
 Riesel
 
 and its progeny.
 

 Affirmed; conflict certified.
 

 DAVIS and CRENSHAW, JJ., Concur.
 

 [1]
 

 . We note that the Third District also based its determination that no fundamental error had occurred on the fact that the instruction for manslaughter by culpable negligence was given along with the instruction for manslaughter by act.
 
 Moore,
 
 57 So.3d at 245;
 
 see also Barros-Dias v. State,
 
 41 So.3d 370 (Fla. 2d DCA 2010). The instruction for manslaughter by culpable negligence was not given in Pharisien’s case, so we cannot base our holding on the combined effect of the two instructions. But the
 
 Moore
 
 court’s heavy reliance on the manslaughter-by-culpable-negligence instruction does not detract from its holding that the amended manslaughter-by-act instruction was not erroneous.