TAYLOR, J.
The State of Florida petitions for a writ of prohibition to prevent the trial court from resentencing respondent on certain counts following our reversal of the trial court’s order denying respondent’s motion to correct an illegal sentence. In reversing the order, we did not find the sentences on these counts to be illegal. We therefore grant the petition.
Respondent was found guilty of four counts of an amended nineteen-count information: Aggravated Assault on a Police Officer with a Motor Vehicle (Count 1), Resisting Arrest with Violence (Count 2), Fleeing or Attempting to Elude (Count 3), and Grand Theft of a Motor Vehicle (Count 7). Respondent was sentenced on all four counts as a violent career criminal (VCC). On direct appeal, we affirmed his convictions and sentences as a VCC. Bynes v. State (“Bynes I”), 854 So.2d 289, 293 (Fla. 4th DCA 2003) (holding that burglary of an unoccupied conveyance qualifies as a predicate offense and that the statute was not unconstitutionally over inclusive).
However, following the trial court’s summary denial of respondent’s Rule 3.800 motion to correct illegal sentence and deni *621 al of his motion for rehearing, we reversed, holding that respondent’s VCC sentences on Count 3 (aggravated fleeing and eluding) and Count 7 (grand theft) were illegal because they were not enumerated in the VCC statute or did not fall within the forcible felony provision. Bynes v. State (“Bynes II”), — So.3d -, 2012 WL 5500335, 37 Fla. L. Weekly D2637 (Fla. 4th DCA Nov. 14, 2012).
At a hearing on remand, defense counsel urged the court to review all four VCC sentences and reconsider whether the VCC sentences were necessary for the protection of the public. The trial court agreed it should resentence respondent on all four counts because we did not specifically state in our written opinion in Bynes II that the trial court should resentence only on Counts 3 and 7.
In its petition for a writ of prohibition, the state seeks to prevent the trial court on remand from resentencing respondent on Counts 1 and 2. The state argues that the trial court will be exceeding its jurisdiction and acting contrary to our mandate if it reconsiders respondent’s sentences on Counts 1 and 2, which are legal and uneon-tested. We agree.
Jurisdiction to issue a writ of prohibition lies under Article V, section 4(b)(3) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(b)(3). Prohibition is appropriate to prevent a trial court from proceeding contrary to an appellate court’s mandate. In-PhyNet Contracting Servs., Inc. v. Soria, 82 So.3d 1049, 1051 (Fla. 4th DCA 2011), rev. denied, 81 So.3d 415 (Fla.2012).
In Bynes II, we reversed and remanded the trial court’s order summarily denying respondent’s Rule 3.800(a) motion because we concluded that the VCC sentences imposed on Counts 3 and 7 were illegal. We did not find, nor did respondent argue, that his sentences on Counts 1 and 2 were illegal. Indeed, respondent acknowledged in his Response to Order to Show Cause that his convictions on these offenses qualified him for VCC sentencing.
Thus, on remand, the trial court has authority to resentence respondent only on the “illegal” sentences imposed on Counts 3 and 7. See Pitts v. State, 935 So.2d 634, 635 (Fla. 2d DCA 2006) (“A motion to correct an illegal sentence does not authorize the trial court to modify a legal sentence imposed on another count.”); Wilhelm v. State, 543 So.2d 434, 435 (Fla. 2d DCA 1989) (holding that a trial court, when correcting an illegal sentence on one count of an information, does not have authority to modify legal sentences that have been rendered on the other counts); Reynolds v. State, 116 So.3d 558 (Fla. 3d DCA 2013) (affirming trial court’s ruling that it lacked authority on remand to review valid and previously uncontested sentences on a motion to correct illegal sentence).

Petition granted.

DAMOORGIAN, C.J., and WARNER, J., concur.