IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JERRY PHARISIEN,                          )
                                          )
              Appellant,                  )
                                          )
v.                                        )      Case No. 2D10-959
                                          )
STATE OF FLORIDA,                         )
                                          )
              Appellee.                   )
_____)

Opinion filed October 30, 2015.

Appeal from the Circuit Court for Collier
County; Franklin G. Baker, Judge.

Howard L. Dimmig, II, Public Defender,
and Karen M. Kinney, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Tonja Rene Vickers,
Assistant Attorney General, Tampa, for
Appellee.

ON REMAND FROM THE SUPREME COURT OF FLORIDA

PER CURIAM.

Upon remand from the Florida Supreme Court, we reconsider Jerry

Pharisien's convictions for second-degree murder with a firearm and attempted second-

degree murder with a firearm in light of the subsequent decisions in Griffin v. State, 160

So. 3d 63 (Fla. 2015), and Daniels v. State, 121 So. 3d 409 (Fla. 2013). Because the

2008 standard jury instruction on manslaughter by act suffers from the same infirmity

found erroneous in <u>State v. Montgomery</u>, 39 So. 3d 252 (Fla. 2010), the jury instruction given at Pharisien's trial was erroneous.  <u>See</u> <u>Daniels</u>, 121 So. 3d at 419.  And because Pharisien was convicted of second-degree murder, which is only one step removed from the necessarily lesser-included offense of manslaughter, this error was fundamental.  <u>Id.</u> at 415, 419.  The fact that Pharisien's defense was that he was simply not present at the scene of the shootings does not change this result.  <u>See</u> <u>Griffin</u>, 160 So. 3d at 67 (determining that "a sole defense of misidentification does not concede or fail to place in dispute intent or any other element of the crime charged except identity when the offense charged is an unlawful homicide").  Accordingly, we reverse and remand to the circuit court for a new trial.

Reversed and remanded for a new trial.


NORTHCUTT,[1] KHOUZAM, and CRENSHAW, JJ., Concur.

---

[1]Judge Northcutt has been substituted for Judge Davis, who was on the original <u>Pharisien</u> panel.