NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| STATE OF FLORIDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2D18-4254 |
| | ) | |
| JERRY PHARISIEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Opinion filed October 4, 2019.

Petition for Writ of Certiorari to the
Circuit Court for Collier County; Joseph
G. Foster, Judge.

Ashley Moody, Attorney General,
Tallahassee, and Dawn A. Tiffin,
Assistant Attorney General, Tampa; and
Cynthia Richards, Assistant Attorney
General, Tampa (substituted as counsel
of record), for Petitioner.

James A. Ermacora, Fort Myers, for
Respondent.


NORTHCUTT, Judge.

In this unusual case, the State of Florida has petitioned for a writ of

certiorari directed to an order that dismissed Jerry Pharisien's motion for postconviction

relief and ordered a new trial on his attempted second-degree murder charge.  The

State contends that our mandate in Pharisien's direct appeal did not authorize a new

trial on that charge.  We sympathize with the postconviction court's effort to interpret our admittedly ambiguous opinion in the prior appeal, but we agree with the State that we did not authorize a new trial on the attempt charge.

This case began its jouncy odyssey in 2010, when a jury convicted Pharisien of one count of second-degree murder and one count of attempted second-degree murder arising from a shooting at a nightclub.  When instructing the jury on the second-degree murder count, the trial court had read the standard instruction for manslaughter by act, a necessarily lesser-included offense of second-degree murder. On appeal, Pharisien contended that the instruction was fundamentally erroneous.  See Pharisien v. State, 74 So. 3d 156, 157 (Fla. 2d DCA 2011).  When affirming Pharisien's convictions we held that the manslaughter instruction given at Pharisien's trial, which had been amended in 2008, sufficiently differed from the preamendment version that the supreme court had held erroneous in State v. Montgomery, 39 So. 3d 252 (Fla. 2010).  Pharisien, 74 So. 3d at 158.  We certified conflict with the First District's contrary view that the amended instruction was also misleading.  Id.

The supreme court resolved the conflict in Daniels v. State, 121 So. 3d 409, 417 (Fla. 2013), and held that the instruction as amended in 2008 was ambiguous and erroneous.  In light of Daniels and a related decision in Griffin v. State, 160 So. 3d 63 (Fla. 2015), the supreme court quashed our decision in Pharisien's case and remanded it to us "for reconsideration upon application of" Griffin and Daniels.  See Pharisien v. State, 177 So. 3d 1270 (Fla. 2015) (unpublished table decision). Thereafter, we issued the following opinion:

> Upon remand from the Florida Supreme Court, we
> reconsider Jerry Pharisien's convictions for second-degree

murder with a firearm and attempted second-degree murder with a firearm in light of the subsequent decisions in [Griffin] and [Daniels].  Because the 2008 standard jury instruction on manslaughter by act suffers from the same infirmity found erroneous in [Montgomery], the jury instruction given at Pharisien's trial was erroneous.  See Daniels, 121 So. 3d at 419.  And because Pharisien was convicted of second-degree murder, which is only one step removed from the necessarily lesser-included offense of manslaughter, this error was fundamental.  Id. at 415, 419.  The fact that Pharisien's defense was that he was simply not present at the scene of the shootings does not change this result.  See Griffin, 160 So. 3d at 67 (determining that "a sole defense of misidentification does not concede or fail to place in dispute intent or any other element of the crime charged except identity when the offense charged is an unlawful homicide").  Accordingly, we reverse and remand to the circuit court for a new trial.

Reversed and remanded for a new trial.

Pharisien v. State, 176 So. 3d 1284, 1285 (Fla. 2d DCA 2015).

During the remand proceedings in the trial court, both the State and defense counsel indicated on the record that our 2015 decision reversed only the conviction for second-degree murder and left the attempt conviction undisturbed. Pharisien then entered a negotiated plea of no contest to the second-degree murder charge and received a twenty-five-year sentence concurrent to the thirty-year sentence that previously had been imposed on the attempt count.

In 2018, Pharisien filed a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, raising several claims related to his conviction for attempted second-degree murder.  The State responded that the motion was untimely as to that 2010 conviction, which it asserted had been unaffected by our 2015 decision.  However, the postconviction court read our 2015 opinion differently than counsel and the trial court had at the hearing on remand.  It posited that we had

reversed <u>both</u> the second-degree murder and the attempted second-degree murder convictions.  Accordingly, it held that Pharisien's rule 3.850 motion was timely and it directed the State to supplement its response.  The State filed a motion asking the court to reconsider its ruling as to timeliness, but the court denied that motion, reaffirming its conclusion that we had reversed both convictions.  Then, reasoning that the conviction to which the rule 3.850 motion was directed had already been vacated, the court dismissed the motion, appointed counsel for Pharisien, and set the case on course for a new trial on the attempted second-degree murder charge.  The State now seeks certiorari review of the order, arguing that the court is proceeding contrary to our 2015 mandate.

Admittedly, our 2015 opinion reversing and remanding for a new trial was ambiguously worded and reasonably susceptible to more than one interpretation.  We understand why the postconviction court read the opinion as it did.  However, the facts of the case and the reasoning set forth in the 2015 opinion establish that we set aside only the second-degree murder conviction.  The reversal was based on the supreme court's holding that the standard jury instruction for manslaughter by act, as amended in 2008, was erroneous.  See <u>Daniels</u>, 121 So. 3d at 415–18; <u>Pharisien</u>, 176 So. 3d at 1285.  Specifically, we held that the instruction constituted fundamental error in Pharisien's case "because Pharisien was convicted of <u>second-degree murder</u>, which is only one step removed from the necessarily lesser-included offense of manslaughter." <u>Pharisien</u>, 176 So. 3d at 1285 (emphasis added).  Notably, we did not similarly comment regarding Pharisien's conviction for attempted second-degree murder.

Indeed, at Pharisien's trial the jury was instructed on manslaughter only as a lesser-included offense to the second-degree murder count. The erroneous manslaughter instruction could have affected the jury's consideration of that count alone; it would have had no bearing on the jury's verdict on the attempted second-degree murder charge. Thus, there simply was no basis for setting aside the conviction for attempted second-degree murder. To the contrary, it is questionable whether we even had authority to do so within the scope of the supreme court's remand "for reconsideration upon application of" Griffin and Daniels. Both of those decisions addressed the erroneous 2008 manslaughter instruction only in the context of tainted second-degree murder convictions. Reconsideration of Pharisien's case upon application of Griffin and Daniels could not have justified a reversal of his attempted murder conviction.

Accordingly, we treat the State's petition for writ of certiorari as a petition for writ of prohibition and grant the petition. See State v. Bynes, 121 So. 3d 619, 621 (Fla. 4th DCA 2013) ("Prohibition is appropriate to prevent a trial court from proceeding contrary to an appellate court's mandate." (citing InPhyNet Contracting Servs., Inc. v. Soria, 82 So. 3d 1049, 1051 (Fla. 4th DCA 2011))). The postconviction court's order dismissing Pharisien's rule 3.850 motion and ordering a new trial on the attempted second-degree murder charge is quashed.

Petition granted.


BLACK and LUCAS, JJ., Concur.